Michael A. McCOY and John
A. Oaks, Appellants,

v.

CALDWELL COUNTY, Missouri and
Caldwell County Sheriff Kirby L.
Brelsford, Respondents.

No. SC 85498

Supreme Court of Missouri,
En Banc.

Oct. 12, 2004.

Sean P. McCauley, Lawrence G. Rebman, Steve A.J. Bukaty, Overland Park, KS, for Appellants.

D. Keith Henson, St. Louis, for Respondents.

STEPHEN N. LIMBAUGH, JR.,
Judge.

Michael McCoy and John Oaks appeal the circuit court's dismissal of their petitions for judicial review under the contested case provisions of the Missouri Administrative Procedures Act (MAPA) as set out in chapter 536, RSMo 2000. After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10. Affirmed.

On December 31, 2000, the respondent, Caldwell County Sheriff Kirby L. Brels-

ford, terminated the employment of deputy sheriffs Michael McCoy and John Oaks. In August 2001, Sheriff Brelsford provided McCoy and Oaks written notice of the grounds for termination, as required by Section 57.275.1, RSMo 2000, which states in pertinent part:

> Any full-time deputy sheriff upon dismissal shall be furnished with a written notice of the grounds for the dismissal. Upon receipt of the written grounds for the dismissal, the deputy sheriff may request a hearing. The request must be made to the sheriff, in writing within three working days of receipt of the grounds for dismissal. Such hearing shall take place before the hearing board to be appointed by the sheriff. The sheriff shall schedule a closed hearing within a reasonable time but within thirty days after the written request was received by the sheriff. A written report of the facts determined during the hearing shall be forwarded to the sheriff. The sheriff will review the findings, and has the final decision-making authority.

Pursuant to this statute, McCoy and Oaks timely requested a hearing, and the sheriff appointed a three-person board to review the grounds for dismissals. The board conducted a hearing on August 23, 2001, during which witnesses provided information about events that led to the dismissals. Following the hearing, the board issued written findings that ·supported the sheriff's decision, and after reviewing the findings, the sheriff affirmed his decision. Thereafter, McCoy and Oaks each filed petitions in the Circuit Court of Cole County requesting judicial review of the dismissals as "contested cases" under section 536.100. The sheriff and Caldwell County then filed motions to dismiss that were sustained by the circuit court on the ground that the proceeding before the hearing board was not a contested case subject to judicial review under MAPA,

and consequently, the court had no jurisdiction.

▇▇▇ As their sole point in this consolidated appeal, McCoy and Oaks contend the circuit court erroneously applied the law in dismissing their petitions for judicial review. In particular, they argue that the hearing board procedure set forth in section 57.275 satisfies the definition of a "contested case" for purposes of judicial review under section 536.100. The question of the circuit court's jurisdiction is solely an issue of law. *Phillips v. Fallen*, 6 S.W.3d 862, 864 (Mo. banc 1999).

▇▇▇ Under sections 536.100 and 536.110, any person who has exhausted all administrative remedies and is aggrieved by a final decision in a "contested case" is entitled to judicial review by a circuit court of proper venue. The MAPA defines a "contested case" as "a proceeding before an agency in which legal rights, duties, or privileges of specific parties are required by law to be determined after hearing." Sec. 536.010(2). The "law" referred to in this definition includes any ordinance, statute, or constitutional provision that mandates a hearing. *State ex rel. Yarber v. McHenry*, 915 S.W.2d 325, 328 (Mo. banc 1995). In this case, the "law" that mandates a hearing is the previously cited statute, sec. 57.275. However, to trigger jurisdiction for contested case review under section 536.010(2), the hearing mandated by law (sec. 57.275) also must be one "in which legal rights, duties, or privileges of specific parties ... are to be determined...." Appellants do not identify any "legal rights, duties or privileges" that are to be determined at the hearing, and on its face, section 57.275.1 does not require any such determination. Although there is to be a hearing, and findings of fact are to be made, and the sheriff must review those findings, the sheriff still "has the final decision-making authority," and the statute does not subject that decision to any

gauge or criteria. Indeed, absent such statutory direction, the sheriff can terminate the deputies even in the face of findings that wholly support the deputy's continued employment. In other words, even in view of the mandated hearing, the deputies are no less at will employees. That is, they are employees who can be terminated for cause or for no cause at all, absent, of course, any recognized public policy exception. *Luethans v. Washington University,* 894 S.W.2d 169, 172 (Mo. banc 1995).

Because the hearing was not one in which "legal rights, duties or privileges [were] to be determined," this is not a "contested case," and the circuit court had no jurisdiction to afford judicial review as a contested case. Accordingly, the court's judgment is affirmed.

WHITE, C.J., WOLFF, STITH, PRICE and TEITELMAN, JJ., and BLACKMAR, SP.J., concur.

RUSSELL, J., not participating.