Gene R. KUNZIE, Appellant,

v.

CITY OF OLIVETTE, Respondent.

No. SC 87022.

Supreme Court of Missouri,
En Banc.

Feb. 28, 2006.

Donald K. Murano, St. Charles, MO, for Appellant.

William B. Jones, James N. Foster, Jr., Corey L. Franklin, St. Louis, MO, for Respondent.

John M. Hessel, St. Louis, MO, for Amicus Curiae.

MICHAEL A. WOLFF, Chief Justice.

Gene Kunzie was an at-will employee of the City of Olivette for 23 years until his firing in August 2003. During his employment, Kunzie held various positions including, at the time of his firing, director of public works and building commissioner. Kunzie filed suit against the city. His third amended petition [1] sets forth three counts: .

---

**1.** Kunzie amended by interlineation the title of count II of his second amended petition. This pleading also amends the title of Kunzie's second amended petition to the "Third Amended Petition Whistle Blower Claim, Wrongful Termination, Breach of Contract."

(1) a whistle blower claim of retaliatory discharge;

(2) wrongful termination in violation of public policy for Kunzie's reporting violations of various municipal codes, policies, and state laws; and

(3) breach of contract as to Kunzie's retirement benefits, work-related benefits, and severance rights.

The city filed a motion to dismiss, asserting that the court lacked subject matter jurisdiction because Kunzie failed to exhaust administrative remedies and that Kunzie's petition failed to state a claim upon which relief can be granted because the claims are barred by sovereign immunity.

The circuit court sustained the city's motion without explanation. After an opinion by the Court of Appeals, Eastern District, this Court granted transfer. Mo. Const. art. V, sec. 10. The judgment is reversed, and the case is remanded.

## DISCUSSION

■ Since the circuit court did not specify the grounds for dismissal, this Court reviews the grounds asserted by the city for upholding the court's judgment. *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff,* 909 S.W.2d 348, 351 (Mo. banc 1995).

### Exhaustion of Administrative Remedies

■ The city's motion to dismiss asserts that Kunzie failed to exhaust his administrative remedies prior to filing suit in the circuit court. "Failure to exhaust administrative remedies requires that a party seek all available remedies at the

administrative level before applying to the courts for relief." *Green v. City of St. Louis,* 870 S.W.2d 794, 796 (Mo. banc 1994). "The rule requiring exhaustion of administrative remedies is one of subject matter jurisdiction." *Green,* 870 S.W.2d at 796. Questions of circuit court jurisdiction are solely issues of law and are reviewed independently. *McCoy v. Caldwell County,* 145 S.W.3d 427, 428 (Mo. banc 2004).

■ Under Missouri's administrative procedure act any person who has exhausted all administrative remedies and is aggrieved by a final decision in a "contested case" is entitled to judicial review by a circuit court of proper venue. Sections 536.100 and 536.110.[2] A "contested case" is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2).[3] The "law" that may require a hearing "includes any ordinance, statute, or constitutional provision that mandates a hearing." *McCoy,* 145 S.W.3d at 428.

In this case, the city's municipal code, numbers 20.510, 20.511 and 20.494, created a personnel appeals board to review certain employment decisions. The board serves as an "advisory body to hear and make written recommendation to the City Manager" regarding appeals from city employees of the discharge, suspension, discipline, or other penalizing actions of the city manager. Code No. 20.511. The "written recommendations" are to be provided to the city council. *Id.* City code number 20.494(c) prescribes the procedures to be used for an appeal of a negative employment decision. It also provides

Any reference to Kunzie's third amended petition is a reference to formerly titled second amended petition.

**2.** All statutory references are to RSMo 2000 unless otherwise indicated.

**3.** This definition of "contested case" is now found in section 536.010(4), RSMo Supp. 2005.

that the board's recommendations shall be filed with the city manager and further that "[w]ithin five days of receipt of the recommendations of the Board, the City Manager shall make his decision which shall be final." Code No. 20.494(c).

*McCoy* controls this issue. In *McCoy*, the circuit court dismissed the petition, finding that the previous proceeding before the hearing board was not a contested case under the administrative procedure act, section 536.100. 145 S.W.3d at 428. The county sheriff in *McCoy* fired two deputy sheriffs following the procedures in section 57.275. *Id.* Those procedures provided for written notice of the grounds for dismissal, a hearing upon request before an appointed board, and required the board to make a written report of the facts determined at the hearing. *Id.* Despite these procedures, the statute granted the sheriff "the final decision-making authority." *Id.* Thus, regardless of the written recommendations of the hearing board, the sheriff could still "terminate the deputies even in the face of findings that wholly support the deputy's continued employment." *Id.* at 429. Such a hearing, this Court held, was not one in which "legal rights, duties or privileges [were] to be determined" and was, therefore, not a contested case. *Id.*

As in *McCoy*, the hearing procedures here do not determine a city employee's legal rights, duties, or privileges. The board is merely advisory. Likewise, after receiving the board's recommendations, the city manager is vested with the ultimate decision making authority. As in *McCoy*, the city manager's decision is not subject to any "gauge or criteria," and the city manager can fire a city employee despite contrary recommendation findings.

This is not a contested case to which the administrative procedure act's exhaustion requirement applies. Dismissal of Kun-

zie's petition cannot be upheld on this basis.

## Sovereign Immunity

The city's motion to dismiss also asserts that Kunzie's petition fails to state a claim upon which relief can be granted because the claims are barred by sovereign immunity.

Because the question of the city's immunity may depend on the classification of claims as either tort or contract, the nature of the claims should be examined. In counts one and two, Kunzie alleges: (1) a whistleblower claim of retaliation for Kunzie refusing to perform illegal acts or acts violating public policy and (2) wrongful termination in violation of public policy for Kunzie's reporting of law and ordinance violations. These counts are predicated upon the public policy exception to the at-will employment doctrine. Although wrongful discharge in this context might be based on a contractual relationship, Kunzie has chosen to proceed in tort. As is, this Court will treat this only as a tort claim. There is no reason to consider whether an at-will employee's wrongful discharge claim against a municipality should be treated as a breach of contract action. *Cf. Skinner v. Maritz, Inc.*, 253 F.3d 337 (8th Cir.2001). Count three sets forth a breach of contract claim for retirement benefits, sick pay, and other miscellaneous entitlements.

## The City's Immunity as Applied to Tort Claims

Municipality immunity is an oft-confused area of law. "Under the common law, only the State and its entities were entitled to complete sovereign immunity from all tort liability." *Junior College Dist. of St. Louis v. City of St. Louis,* 149 S.W.3d 442, 447 (Mo. banc 2004). "Municipal corporations traditionally have had im-

munity, however, for those actions they undertake as a part of the municipality's governmental functions—actions benefiting the general public." *Junior College,* 149 S.W.3d at 447; *State ex rel. Trimble v. Ryan,* 745 S.W.2d 672, 673–74 (Mo. banc 1988). Municipalities have no immunity for torts while performing proprietary functions—actions benefiting or profiting the municipality in its corporate capacity. *Junior College,* 149 S.W.3d at 447.

This Court has held that termination of a city employee is a governmental function. *State ex rel. Gallagher v. Kansas City,* 319 Mo. 705, 7 S.W.2d 357 (banc 1928). *See also Feuchter v. City of St. Louis,* 357 Mo. 616, 210 S.W.2d 21, 25 (1948), and *Nichols v. City of Kirksville,* 68 F.3d 245, 247 (8th Cir.1995) (*citing Gallagher,* 7 S.W.2d at 361).

Kunzie has provided no sound reason to deviate from *Gallagher.* Personnel decisions and the internal administration of operating a municipal department are governmental. As such, the city is protected by governmental immunity unless some exception applies. In this case, the only applicable exception would be the municipality's procurement of liability insurance. Section 537.610.1 allows political subdivisions of the state to purchase liability insurance for tort claims and waives sovereign immunity "only to the maximum amount of and only for the purposes covered by such policy of insurance" or self-insurance plan.

Kunzie alleges that the city maintains liability insurance "to handle the conse-

quences of employment related actions brought against them." By doing so, Kunzie has sufficiently alleged facts that, if proved, would bring his tort claims within the purview of the statute. Because the trial court dismissed Kunzie's petition prior to the commencement of discovery, Kunzie was not able to prove the existence and content of the insurance policy.

■ Kunzie's tort claims for wrongful discharge and retaliation may be barred. Because the case is remanded to the trial court, Kunzie will have the opportunity to prove if, and to what extent, the city maintains liability insurance that covers his claims. If the city maintains insurance that covers these types of claims, then it will have waived its immunity under section 537.610 for the specific purpose of and to the extent of its insurance coverage. A municipality's procurement of insurance constitutes an absolute and complete waiver of all immunities.[4]

**Breach of Contract Claim**

■ Kunzie's petition alleges that under the city ordinance he would have been able to realize retirement benefits by March 11, 2007. Kunzie claims that the city's wrongful discharge and retaliation constitutes a breach of his contractual right to receive those benefits. Kunzie further alleges that the city's wrongful discharge and retaliation denied him contractual rights to sick leave, sick pay, health benefits, vacation time, vacation pay, and

---

4. This absolute waiver includes governmental function immunity, the discretionary immunity doctrine, and the public duty doctrine. *Jungerman v. City of Raytown,* 925 S.W.2d 202 (Mo. banc 1996), is inapplicable to cases under section 537.610 due to the difference between the waiver in section 537.610 and the imposition of liability under section 71.185. Section 71.185 applies to claims against municipalities for personal injury or property damage while in the exercise of governmental functions and provides that municipalities "shall be liable as in other cases of torts." Section 71.185 does not explicitly *waive* any particular immunity, whereas section 537.610 provides that "[s]overeign immunity ... is waived" to the extent of insurance coverage.

educational pay under the city's code and ordinances.

Sovereign immunity does not apply to suits for breach of contract. *Kubley v. Brooks,* 141 S.W.3d 21, 28 (Mo. banc 2004); *V.S. DiCarlo Construction Co., Inc. v. State,* 485 S.W.2d 52, 54 (Mo.1972). Thus, the motion to dismiss was improperly sustained as to count three because that count sounds in contract and is not barred by sovereign immunity.

### CONCLUSION

The judgment of the circuit court is reversed, and the case is remanded.

All concur.