

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| SHANNA PAINTER and LANCE PAINTER, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| vs. | ) ) | No. SD33111 |
| CITY OF HUMANSVILLE, MISSOURI, | ) ) | **Filed: February 20, 2015** |
| Defendant, | ) ) | |
| and LEONARD WALBURN, RHONDA ROGERS, JOHN HENRY, and DARRELL R. LEAN, JR., | ) ) ) ) | |
| Defendants-Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable Donald G. Cheever, Special Judge

### AFFIRMED

Shanna and Lance Painter (collectively, "Plaintiffs") appeal the trial court's entry of summary judgment on their Second Amended Petition in favor of John Henry ("Henry"), Darrell R. LeAn, Jr. ("LeAn"), Rhonda Rogers ("Rogers") and Leonard Walburn ("Walburn") (collectively, the "Individual Defendants"), and the trial court's denial of their motions for leave to file a third amended petition that sought to add

1

allegations that the Individual Defendants acted "willfully or in bad faith" to overcome public duty and official immunity and "to seek punitive damages." Because, under the most recent decision of the Supreme Court of Missouri, the Individual Defendants were entitled to immunity under the public duty and official immunity doctrines from the allegations in Plaintiffs' Second Amended Petition, the trial court properly granted summary judgment in favor of the Individual Defendants. In addition, the trial court did not abuse its discretion in denying Plaintiffs leave to file a third amended petition as untimely. The trial court's summary judgment is affirmed.

## Facts

The material facts with respect to the Individual Defendants were the following.[1] Tryston Painter, the minor child of Plaintiffs Shanna and Lance Painter, was killed on October 11, 2010 when a free-standing chimney on private property in Humansville fell on him. Plaintiffs alleged that the Individual Defendants, in their capacities as employees or officers of Humansville, were liable for Tryston's injuries based on the Individual Defendants' negligent failure to enforce, or comply with their duty under, a Humansville ordinance that provided a procedure for abating the nuisance presented by the chimney. Henry was the mayor and an alderperson for Humansville until he resigned on October 13, 2009. LeAn was the chief of police for Humansville; Rogers was an alderperson; and Walburn was the mayor of Humansville. On October 11, 2010, Humansville had a general liability policy of insurance that insured Humansville.

In April 2008, Rogers had determined that the chimney in question and other conditions on the property were a nuisance, and notified the owner of the property that

---

[1] We review the facts and inferences in the light most favorable to the party against whom summary judgment was granted. ***ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993).

the owner had to remove the chimney. The owner did not take any of the actions permitted by the ordinance in response to the notice. Under the ordinance in question, once notified that a nuisance must be abated or removed, the person notified must within fourteen days (1) abate the nuisance, (2) consent for Humansville to abate the nuisance, or (3) request a hearing before the mayor. If the person notified does not "exercise one of the[se] alternatives," "then the Mayor, or his or her designee, shall confirm the finding that a nuisance exists and proceed with the abatement of the nuisance in any reasonable manner . . . ." Henry, LeAn, Rogers and Walburn did not "abate the nuisance."

## Procedural History

In April 2011, Plaintiff Shanna Painter filed suit against the City of Humansville and the Individual Defendants among others. Lance Painter, Shanna's husband, also joined as a plaintiff. On April 17, 2013, the Individual Defendants, along with another defendant, filed a motion for summary judgment with respect to Plaintiffs' Second Amended Petition. The Individual Defendants based their motion on the official immunity doctrine and the public duty doctrine.

The case was set for trial on December 16, 2013.

On September 12, 2013, Plaintiffs filed a motion for leave to file a third amended petition that added allegations that the Individual Defendants acted "willfully or in bad faith" to overcome public duty and official immunity and "to seek punitive damages." The trial court denied Plaintiffs' motion on October 7, 2013. Subsequently, on November 15, 2013, Plaintiffs filed a second motion for leave to file a third amended petition that added allegations that the Individual Defendants acted "willfully or in bad

3

faith" to overcome public duty and official immunity.[2] The trial court overruled

Plaintiffs' second motion with respect to these allegations on December 4, 2013. The

trial court found the motion to be "fairly late in the game" and causing a "substantial

change in strategy" that could prejudice defendants.

After having initially denied the Individual Defendants' motion for summary

judgment on May 17, 2013, the trial court then reconsidered the motion in a hearing on

December 4, 2013, and granted the motion as to the Individual Defendants on December

5, 2013. The court found the individual employees had immunity and the purchase of the

insurance policy by the city did not waive immunity as to the individual employees. The

judgment granting the motion included a determination pursuant to Rule 74.01(b),[3] that

"there exists no just reason for delay." At that time, the trial court continued the trial of

the case to permit Plaintiffs to appeal the grant of the Individual Defendants' motion for

summary judgment.

**Point I**

In Plaintiffs' first point, Plaintiffs' argue that the trial court erred in granting

summary judgment to the Individual Defendants because Humansville's "purchase of

liability insurance that insures public employees" and does not include an endorsement

that preserves the insureds' immunities waived the employee-insureds' immunity under

the public duty and official immunity doctrines. Our review then is a question of law.

> Our review is essentially de novo. The criteria on appeal for
> testing the propriety of summary judgment are no different from those
> which should be employed by the trial court to determine the propriety of
> sustaining the motion initially. *E.O. Dorsch Electric Co. v. Plaza Const.*

---

[2] The proposed third amended petition again included a request for "punitive damages" against the Individual Defendants as well.

[3] All rule references are to Missouri Court Rules (2015), unless otherwise specified.

4

> *Co.*, 413 S.W.2d 167, 169 (Mo.1967). The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Elliott v. Harris*, 423 S.W.2d 831, 834 (Mo. banc 1968); *Swink v. Swink*, 367 S.W.2d 575, 578 (Mo.1963).

*ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

Plaintiffs' principally base their claim on two theories: (1) sections 71.185, RSMo 2000, and 537.610, RSMo Cum.Supp. 2009, and (2) our high court's statement in *Kunzie v. City of Olivette*, 184 S.W.3d 570 (Mo. banc 2006).

Turning first to sections 71.185 and 537.610, we note that by their terms neither statute purports to waive any immunity of any individual. Section 71.185.1 as relevant here states, "[a]ny municipality" (1) "may carry liability insurance . . . to insure such municipality and their employees . . ., and [(2)] shall be liable as in other cases of torts . . . to the extent of the insurance so carried." The phrase "shall be liable as in other cases of torts . . . to the extent of the insurance so carried" clearly refers to "[a]ny municipality" -- not "such municipality and their employees."

Section 537.610.1 as relevant here provides:

> The commissioner of administration . . . may purchase liability insurance for tort claims, made against the state or the political subdivision, . . . . Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance . . . .

By its terms, the waiver under section 537.610 is limited to a waiver of sovereign immunity for the state and its political subdivisions. As a result, the language of sections 71.185 and 537.610 does not support Plaintiffs' argument. Further, our high court, in the context of discussing sections 71.185 and 537.610, most recently stated "[t]he

5

legislature's waivers of immunity applicable to defendant municipalities and political subdivisions do not abrogate the immunity protections afforded to public employees." *Southers v. City of Farmington*, 263 S.W.3d 603, 609 (Mo. banc 2008).

Plaintiffs attempt to overcome the plain language of sections 71.185 and 537.610 by asserting that our high court in its 2006 opinion in *Kunzie* specifically held that a municipality's purchase of liability insurance waived all the municipality's immunities and that, as a matter of policy, this same principle should be extended to the immunities of the municipality's employee-insureds. To support their assertion, Plaintiffs point to the Supreme Court's statement in *Kunzie* that a municipality's purchase of liability insurance "constitutes an absolute and complete waiver of all immunities" and then in a footnote, our high court's further statement that "[t]his absolute waiver includes governmental function immunity, the discretionary immunity doctrine, and the public duty doctrine." *Kunzie*, 184 S.W.3d at 574 & 574 n.4. Plaintiffs complete their argument by claiming that the phrase in the footnote "the discretionary immunity doctrine, and the public duty doctrine" refers to the "municipal equivalent[s]" of the official immunity and public duty doctrines applicable to the municipality's employee-insureds with the result that, as a matter of policy, the waiver described in *Kunzie* should be extended to the employee-insureds' immunities.

We are bound by the most recent decision of our Supreme Court. *T.Q.L. ex rel. M.M.A. v. L.L.*, 291 S.W.3d 258, 266 (Mo.App. S.D. 2009). In *Southers*, 263 S.W.3d at 609, the court stated "[t]he legislature's waivers of immunity applicable to defendant municipalities and political subdivisions do not abrogate the immunity protections afforded to public employees." The only defendant in *Kunzie* was a municipality. At the

6

time ***Kunzie*** was decided, the law was that a municipality (separate and apart from its employees) was entitled to three types of immunity – immunity for "governmental functions" and immunity under the "discretionary immunity" and "public duty" doctrines. *See **Jungerman v. City of Raytown***, 925 S.W.2d 202, 204-06 (Mo. banc 1996), *abrogated in part by **Southers***, 263 S.W.3d at 613-14 & 614 n.13. Consequently, ***Kunzie*** does not support Plaintiffs' position. ***Kunzie*** was addressing a municipal defendant's immunities and not the immunities of the municipal defendant's employee-insureds.[4]

Plaintiffs' Second Amended Petition alleged that the Individual Defendants were negligent in failing to enforce, or to comply with their duty to abate the nuisance presented by the free-standing chimney under, a Humansville ordinance that provided a procedure for abating the nuisance. Enforcement of, or compliance with, an ordinance is a duty owed to the general public rather than a particular individual. *See **Berger v. City of University City***, 676 S.W.2d 39, 41-42 (Mo.App. E.D. 1984) ("[e]nforcement of the law and keeping of the peace are duties which a municipality and its employees owe to the general public but a breach of which is not actionable by a citizen" and, "similarly," the city and its employees were not liable because "they failed to comply with [city] ordinances" because they are not liable for a failure to enforce city ordinances (internal citations omitted)). Because the duty owed by the Individual Defendants under the

---

[4] Plaintiffs in their reply brief also referred us to the Western District's opinion in ***Newson v. City of Kansas City***, 606 S.W.2d 487, 489, 490-91 (Mo.App. W.D. 1980), as support for the proposition that a municipality's purchase of liability insurance waives the immunities of the municipality's employee-insureds. In ***Newson***, the trial court dismissed a petition against a city employee for the negligent operation of a fire truck. The Western District reversed and remanded with the direction that Newson "will have opportunity to amend the petition" as to the city employee to allege that the city employee waived immunity under section 71.185. We are not persuaded by the Western District's view of the scope of section 71.185 in light of the plain language of section 71.185 and ***Southers***' admonition that "[t]he legislature's waivers of immunity applicable to defendant municipalities and political subdivisions do not abrogate the immunity protections afforded to public employees." ***Southers***, 263 S.W.3d at 609.

ordinance at issue was to the general public, the Individual Defendants were entitled to immunity under the public duty doctrine. *See Southers*, 263 S.W.3d at 611-12.[5]

Summary judgment in favor of the Individual Defendants on Plaintiffs' Second Amended Petition was proper. Plaintiffs' first point is denied.

**Point II**

In Plaintiffs' second point, Plaintiffs contend that the trial court abused its discretion in denying their motions for leave to file a third amended petition. The first of Plaintiffs' motions was filed slightly more than three months before trial in a case that had been pending more than two years.[6] The proposed amended petition sought to add allegations that the Individual Defendants acted "willfully or in bad faith" to overcome public duty and official immunity and "to seek punitive damages."

The denial of a motion for leave to amend a petition "lies soundly within the trial court's discretion," and will not be disturbed unless the denial is an abuse of the trial court's discretion. *Lunn v. Anderson*, 302 S.W.3d 180, 193 (Mo.App. E.D. 2009); *see also Concerned Citizens for Crystal City v. City of Crystal City*, 334 S.W.3d 519, 526 (Mo.App. E.D. 2010). A trial court abuses its discretion "when a ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Wheeler ex rel. Wheeler v. Phenix*, 335 S.W.3d 504, 510 (Mo.App. S.D. 2011) (internal citation and quotation

---

[5] We also believe the ordinance may require the exercise of discretion in confirming the existence of a nuisance and in abating the confirmed nuisance "in any reasonable manner." For that reason, the Individual Defendants may also have been entitled to immunity under the official immunity doctrine. *See Southers*, 263 S.W.3d at 610-11.

[6] Plaintiffs are not clear in their briefs if they are appealing the denial of one or both motion for leave to file a third amended petition. We assume Plaintiffs intended to appeal the denial of both motions.

marks omitted).  In determining whether the trial court abused its discretion, we should consider a number of factors including:

> 1) the hardship to the moving party that a denial would cause; 2) the reasons for the moving party's failure to include the matter in the original pleadings; 3) the timeliness of the application for leave to amend; and 4) the hardship or injustice that granting leave to amend would cause to the non-moving party.  *See Lester v. Sayles*, 850 S.W.2d 858, 869 (Mo. banc 1993).  The most common reason for denying leave to amend is the resultant prejudice to the non-moving party.  *Western Casualty and Surety Co. v. Kansas City Bank and Trust Co.*, 743 S.W.2d 578, 582 (Mo.App.1988).

*Concerned Citizens for Crystal City*, 334 S.W.3d at 526-27.

*Southers* makes clear that official immunity will not protect a public employee "if the conduct is willfully wrong or done with malice or corruption," and the public duty doctrine will not protect a public employee if the employee acts "in bad faith or with malice."  *Southers*, 263 S.W.3d at 610, 612.  Plaintiffs' knew early in the lawsuit that the Individual Defendants asserted they were immune from liability under the official immunity and public duty doctrines.  To wait until slightly more than three months before trial to first attempt to amend the petition to add factual allegations that, if proven, would negate the availability to the Individual Defendants of the official immunity and public duty doctrines and expose the Individual Defendants to punitive damages caused the proposed amendment to be untimely and prejudiced the Individual Defendants in the presentation of their defenses.  In these circumstances, the trial court's denial of Plaintiffs' request to file a third amended petition was not clearly against the logic of the circumstances and not so arbitrary and unreasonable as to shock our sense of justice and indicate a lack of careful consideration.

9

Plaintiffs' second point is denied.[7]  The trial court's summary judgment is affirmed.


Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, J. - Concurs

Don E. Burrell, J. - Concurs

---

[7] In their brief, Plaintiffs indicate that they believe the trial court's denial of their motion for leave to file a third amended petition is moot because the trial has been continued to allow this appeal and Plaintiffs intend again to ask the trial court for leave to file an amended petition following the completion of this appeal.  We express no opinion on the merits of a post-appeal motion for leave to file an amended petition. We simply state that the trial court did not abuse its discretion in denying the earlier motions.