W. Brent Powell, Judge
Grayland Nowden appeals from a circuit court's judgment granting summary judgment in favor of the Missouri Department of Public Safety's Division of Alcohol and Tobacco Control and dismissing, with prejudice, Nowden's first amended petition for review under chapter 536[1] on the grounds Nowden failed to exhaust his administrative remedies. Because the circuit court lacked authority to review the petition as pleaded, the judgment is affirmed.
I. Factual and Procedural History
In 2013, Nowden was working as a special agent with the Division of Alcohol and Tobacco Control. After taking his state vehicle to be serviced, the Division opened an investigation when it was reported the vehicle contained prohibited items, such as bullets, condoms, and a bottle of non-alcoholic beer. Also located in the vehicle were unissued summonses and evidence bags containing unlogged evidence. Investigators further discovered envelopes for A&D Mini Mart utility services and Sam's Club receipts for purchases of tobacco products to be sold at A&D Mini Mart. A&D Mini Mart is a store regulated by the Division.
Nowden admitted the items in the car were his. He also had a Sam's Club card in his name on an A&D Mini Mart account. And he was a bookkeeper for A&D Mini Mart. He also admitted to inspecting A&D Mini Mart despite having a conflict of interest. Nowden was terminated following the Division's investigation. The Division notified Nowden by letter he was terminated "subject to [his] right to appeal as set forth in Missouri Department of Public *116 Safety's Policy G-2." Enclosed with the letter was a copy of the department's policy and a notification of disciplinary action dated October 1, 2013, advising Nowden his application for appeal must be submitted by October 8, 2013. Nowden did not submit his application for appeal until October 10, 2013. On November 4, 2013, the Division notified Nowden his appeal was untimely.
Nowden filed a complaint with the Administrative Hearing Commission on November 1, 2013, and sought a hearing before the Commission. The Commission dismissed Nowden's complaint, finding Nowden was not a merit employee entitled to a hearing before the Commission and the Division had internal appeal procedures for its employees.
Subsequently, Nowden sought review of his termination in the circuit court. After being granted permission to amend his original petition, Nowden filed a first amended petition for review pursuant to § 536.100. In his first amended petition, Nowden alleges he had the right to appeal his termination to the Division and this appeal constituted a "contested case" providing for review in the circuit court pursuant to § 536.100. Nowden filed a second amended petition for injunctive relief and "non-contested case" review pursuant to § 536.150 upon being granted approval by the circuit court.[2] Thereafter, Nowden filed a motion to withdraw his second amended petition, and the circuit court ordered the cause to proceed on the first amended petition. The parties filed cross-motions for summary judgment. The circuit court sustained the Division's motion for summary judgment, overruled Nowden's motion, and dismissed Nowden's first amended petition with prejudice because Nowden failed to exhaust his administrative remedies.
Nowden appealed and, after opinion by the court of appeals, this Court transferred the case pursuant to article V, § 10 of the Missouri Constitution.
II. Analysis
"The standard of review on appeal of summary judgment is de novo , and summary judgment will be upheld on appeal if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Mo. Prosecuting Att'ys & Cir. Att'ysRet. Sys. v. Pemiscot Cty. , 256 S.W.3d 98, 102 (Mo. banc 2008). "[T]he trial court's judgment may be affirmed on any basis supported by the record." Nail v. Husch Blackwell Sanders, LLP , 436 S.W.3d 556, 561 (Mo. banc 2014). In this appeal, Nowden makes several arguments alleging the circuit court erroneously applied the law in dismissing his first amended petition for review. However, the circuit court properly dismissed Nowden's action because it lacked authority to review the Division's administrative decision as a "contested case" pursuant to § 536.100 as alleged in the first amended petition.
When reviewing a governmental agency's decision, this Court considers whether the matter before the agency was a "contested" or "non-contested case" to determine the scope of judicial review. Furlong Cos., Inc. v. City of Kan. City , 189 S.W.3d 157, 165 (Mo. banc 2006). The Missouri Administrative Procedure Act (MAPA) provides for judicial review in the circuit court for parties aggrieved by an administrative decision in two types of cases: contested and non-contested. Id. A contested case is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required *117 by law to be determined after hearing." Section 536.010(4). The "law" requiring a hearing "includes any ordinance, statute, or constitutional provision that mandates a hearing." McCoy v. Caldwell Cty. , 145 S.W.3d 427, 428-29 (Mo. banc 2004). A non-contested case, although not defined by MAPA, is "a decision that is not required by law to be determined after a hearing." Furlong , 189 S.W.3d at 165.
"The classification of a case as 'contested' or 'noncontested' is determined as a matter of law." City of Valley Park v. Armstrong , 273 S.W.3d 504, 506 (Mo. banc 2009). The distinction between a contested and non-contested case is significant because the scope of judicial review is different. As explained in Furlong :
Contested case review is controlled by sections 536.100 to 536.140. Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions of law. The review of a contested case is a review by the trial court of the record created before the administrative body. The trial court's decision upon such review is appealable, but the appellate court also looks back to the record created before the administrative body.
Non-contested cases do not require formal proceedings or hearings before the administrative body. As such, there is no record required for review. In the review of a non-contested decision, the circuit court does not review the administrative record, but hears evidence, determines facts, and adjudges the validity of the agency decision. Under the procedures of section 536.150, the circuit court conducts such a hearing as an original action.
In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision. The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court. Depending upon the circumstances, this difference may result in procedural advantages or disadvantages to the parties, but in either situation, the litigant is entitled to develop an evidentiary record in one forum or another.
189 S.W.3d at 165 (internal citations omitted).
The Division contends the case is contested because its internal Policy G-2 "substantially follow[s] the requirements for a hearing outlined in Chapter 536, RSMo." What the Division ignores, however, is the policy does not actually require a hearing. Rather, Policy G-2 provides the director of the Department of Public Safety with four options when an employee appeals a disciplinary decision: (1) request additional information from the parties or from any witness having relevant information; (2) conduct an "informal hearing" if the recommended disciplinary action is believed to be inappropriate or excessive; (3) concur in the recommended discipline; or (4) convene a board to conduct a hearing substantially following the procedures in chapter 536. The policy is purely discretionary as to whether employees receive a hearing regarding the imposed discipline.
Moreover, even if a hearing following the procedures in chapter 536 is conducted, the director retains the final decision pursuant to Policy G-2. As this Court has held, when a proceeding is merely advisory and does not bind the decision maker, then the administrative proceeding or hearing does not make the matter a contested case, and review is not pursuant to § 536.100. See McCoy , 145 S.W.3d at 428-29 ;
*118 Kunzie v. City of Olivette , 184 S.W.3d 570, 572-73 (Mo. banc 2006). Here, the board is tasked with making written findings and recommendations, but Policy G-2 states the director makes "a final decision" and provides "written findings and conclusions" to the parties. Although the Division contends Policy G-2 requires the director to "review all majority and dissenting findings and recommendations, and all relevant portions of the record of the hearing," requiring the director to review the board's recommendations prior to making a decision does not negate the fact it is the director who, not the board after hearing, determines the employee's rights, duties, or privileges and that, in doing so, the director is not bound "to any gauge or criteria." Kunzie , 184 S.W.3d at 573 ; McCoy , 145 S.W.3d at 428-29.
This is a non-contested case because any hearing pursuant to Policy G-2 would not determine Nowden's rights, duties, or privileges. Nowden's first amended petition improperly sought review of a contested case. The circuit court's dismissal was appropriate because it did not have authority to grant relief based on a petition for review of a contested case. See McCoy , 145 S.W.3d at 428-29. In McCoy , the plaintiffs sought review in the circuit court following the termination of their employment with the Caldwell County Sheriff's Department. Id. at 427-28. The plaintiffs' petitions sought review of their terminations as "contested cases" pursuant to § 536.100. Id. at 428. The circuit court dismissed the plaintiffs' petitions, and the plaintiffs appealed. Id. After determining the plaintiffs' cases were not contested cases, this Court affirmed the dismissals of the plaintiffs' petitions holding the circuit court lacked authority to review the plaintiffs' claims pursuant to § 536.100 because this statute only authorized review of contested cases.[3] Id. at 428-29. Likewise, because Nowden's termination from the Division was not the result of a contested case before the agency, the circuit court lacked the authority to review this decision pursuant to § 536.100 as alleged in his first amended petition.
III. Conclusion
Accordingly, the circuit court's judgment dismissing Nowden's petition is affirmed.
All concur.

Statutory citations are to RSMo 2016.

Section 536.150 provides for injunctive or writ review and relief of actions taken by an administrative officer or body and is distinct from the review provided by § 536.100. See § 536.150.2

In McCoy , this Court stated the circuit court lacked "jurisdiction" over a petition for review improperly brought pursuant to § 536.100. 145 S.W.3d at 429. Because a circuit court has jurisdiction over petitions brought pursuant to either § 536.100 (contested cases) or § 536.150 (non-contested cases), a circuit court in this situation lacks statutory authority rather than jurisdiction.