John C. VAUGHN and Jaccolyn B. Vaughn, Appellants,

v.

Charles E. BRUDER, d/b/a Charles E. Bruder Construction Co., Respondent.

No. KCD 27583.

Missouri Court of Appeals, Kansas City District.

July 6, 1976.

Louis Wagner, Kansas City, for appellants.

James S. Cottingham, Independence, for respondent.

Before PRITCHARD, C. J., and ELLIOTT, CONNETT and McFARLAND, Special Judges.

PER CURIAM:

In a trial to the court, appellants were awarded a judgment for $500.00 and costs, upon a theory not specifically pleaded, but obviously submitted to the court, of breach of an implied warranty of fitness for use arising out of faulty construction of a residence.

Appellants' sole claim is that the trial court erred in failing to consider cost of restoration of the home, its driveway and the depreciation in its value, which they say resulted in inadequate damages. The evidence set forth in the briefs and transcript has been considered. Appellants' evidence did tend to establish that the cost of repair to the interior of the house would be $1,000.00 to $1,200.00; and the cost of re-placing the driveway concrete where it was settled and cracked was also $1,000.00 to $1,200.00. Respondent's evidence was that the cost of concrete repair was $125.00 to $300.00, and that other claimed defects were minimal, e. g., there were few dry wall nails popped out, and these were repaired; there was only one saw mark on the plywood of the soffit; only six batts on the exterior of the house were split; and an uneven plywood joint causing a ridge in the kitchen linoleum was only about ⅟₃₂ inch up. All of this evidence was for the trial court to resolve as to its credibility, and this court will not interfere with that trial court function. *Scheidegger v. Thompson,* 174 S.W.2d 216 (Mo.App.1943); *Rothenhoefer v. City of St. Louis,* 410 S.W.2d 73 (Mo.1966). The judgment, being for an unliquidated claim, may not be amended by this court. The rule is so firmly established that any further discussion would have no precedential value. Rule 84.16(c). Accordingly, the judgment is affirmed.