Don VAUGHN and Regina Vaughn, Appellants,

v.

Arthur GENASCI, James Vieth, James Meyer, City of St. Charles and St. Charles County, Respondents.

No. ED 94465.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 26, 2010.

Daniel J. McMichael, McMichael & Logan, Kirkwood, MO, for appellants.

Harold Alexander Ellis, Office of the St. Charles County Counselor, St. Charles, MO, Paul Simon, Jr., Sauerwein, Simon & Blanchard, St. Louis, MO, for respondents.

### Facts

KENNETH M. ROMINES, J.

This is an appeal from a dismissal by the trial court on the pleadings. Appellants Don and Regina Vaughn filed a petition seeking damages from respondents Arthur Genasci, James Vieth, and James Meyer, individually and in their respective official capacities, and from respondents the City of St. Charles and St. Charles County for wrongful conduct and resultant pecuniary loss. Appellants own a home located in unincorporated St. Charles County. Appellants pleaded their home was served by a sewer which is operated by the "City and/or the County of St. Charles."

James Meyer, an employee of the City of St. Charles, visited Appellant's at their home to discuss a sinkhole that existed on their street. At that meeting, Meyer provided Appellant's with a photograph which purported to show a leak in the lateral sewer line connecting their home with the main sewer line. Meyer informed Appellants that this leak in their lateral caused the sinkhole. Arthur Genasci and James Vieth, employees of St. Charles County, sent a letter to Appellants which alleged that they were in violation of Unified Development Ordinance Section 422.070 for allowing illicit discharge from the property due to their broken sewer lateral. The letter demanded that Appellants repair the lateral within six days and threatened "fines up to $1,000 per day of violation and/or a 90–day incarceration" if they failed to comply.

Appellants had the sewer lateral inspected and replaced. They now seek damages from Respondents for ordering the unnecessary replacement of a working lateral even after they informed respondent Genasci an inspection and excavation of their sewer lateral had both indicated their lateral had no defects and did not need to be replaced.

All defendants filed motions to dismiss for failure to state a claim. The trial court sustained the motions and ordered the petition dismissed with prejudice, finding the claims barred by immunity. Accordingly, the trial court entered judgment against the Vaughns in favor of respondents. The Vaughns now appeal the judgment of the trial court. We affirm in part and reverse and remand in part.

### Standard of Review

 This Court reviews dismissals for failure to state a claim *de novo*. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 768 (Mo. banc 2007). Our review is limited to the contents of Appellant's First Amended Petition. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo.App. E.D.2009). We review the facts alleged in the Petition, without any weighing of credibility or persuasiveness, to determine if they meet the elements of *any* recognized cause of action. *Hendricks v. Curators of Univ. of Mo.*, 308 S.W.3d 740, 742–43 (Mo.App. W.D.2010).

### Discussion

 A petition should not be dismissed if any set of facts asserted therein, if proven, would entitle Plaintiff to relief. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). Under the rule of sovereign immunity, municipalities are generally not liable for torts. *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo.App. E.D.2008). Liability exists only in limited circumstances. *Id.* In order for a petition alleging municipal tort liability to survive a motion to dismiss for failure to state a claim, the plaintiff must plead specific facts showing that his claim falls within an exception to the rule. *Id.* Likewise, municipal employees are protected from tort liability for some of their actions. *Davis v. Lambert–St. Louis Intern. Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006). In order for a petition alleging municipal employee tort liability to survive a motion to dismiss for failure to state a claim, the plaintiff must plead specific facts demonstrating that the employee failed to perform a statutory or departmentally-mandated duty or that the employee performed a discretionary duty with bad faith or malice. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 446 (Mo. banc 1986); *Boever v. Special Sch. Dist. of St. Louis County*, 296 S.W.3d 487, 492 (Mo.App. E.D.2009).

### City, County and County Employees

 In their First Amended Petition, Appellants aver that the City of St.

Charles and the County of St. Charles operate the sewer system in St. Charles County. The Petition alleges that the County, through its employees Genasci and Vieth, ordered Appellants, under threats of fines and imprisonment, to make costly unwarranted repairs to their private sewer lateral. The Petition states that the County and its employees knew that the sinkhole across the street was caused by the City and County's own negligent operation of the sewer system but forced Appellants to make unnecessary repairs in order to shift the cost of maintenance.

These facts, if proven, may entitle Appellants to relief against the City, the County and County employees. In regards to the City and County, Appellants have pleaded facts, negligent operation of the sewer system, which upon further factual development may demonstrate an exception to the rule against municipal tort liability. In regards to County employees, Appellants have also pleaded facts, threats against Appellants with knowledge of the City and County's negligence, from which one might infer that the employees acted with bad faith or malice. While there are sufficient pleadings for Appellants to withstand a motion to dismiss these defendants, we make no comment as to the result to be reached after discovery.

## City Employee

■ While Appellants are entitled to proceed against the City, County, and County employees, the same cannot be said for City employee Meyer. In their petition, Appellants make no allegations that Meyer's actions caused them any harm. All harm allegedly sustained by Appellants is attributable to the City and County's supposed negligent operation of the sewer system and County employees' malicious enforcement of the ordinance. Meyer simply visited Appellants to discuss the possible cause of the sinkhole. The petition does not allege that Meyer was responsible for either the operation of the sewer or the enforcement of the ordinance. As Meyer caused them no harm, Appellants have no grounds for relief against him.

## Conclusion

Appellants pleaded sufficient facts that, if proven, may entitle them to relief against the City, the County and the named County employees. As there were no allegations of harm caused by City employee Meyer in Appellant's petition, the petition stated no grounds for relief against him. The trial court's grant of the motion to dismiss as to defendant James Meyer is affirmed. Its grant of the motion to dismiss as to defendants Arthus Genasci, James Vieth, City of St. Charles and St. Charles County is reversed and the case is remanded to trial court for proceedings consistent with this opinion.

ROY L. RICHTER, C.J., and STEPHEN K. WILLCOX, SP., J. concur.