Lisa P. Page, Presiding Judge
Judith Britton ("Plaintiff") appeals the dismissal of her wrongful death petition against the City of St. Louis ("the City") for failure to state a claim. We reverse and remand.
BACKGROUND
Plaintiff's petition alleges the following: On January 21, 2011, at approximately 8:00 p.m., Lazarus Britton ("Decedent") was standing at or near a bus stop at the intersection of Natural Bridge Road and Goodfellow Boulevard in the City of St. Louis ("the bus stop"). A vehicle driven by Emanuel Smith ("Smith") was traveling *141 south on Goodfellow in excess of the speed limit. Smith ran a red light, driving into the intersection. He lost control of the vehicle. The vehicle flipped, left the road, and struck and killed Decedent. Plaintiff, Decedent's wife, filed suit against the City and Smith for wrongful death. The City filed a motion to dismiss for failure to state a claim arguing that Plaintiff could not show a dangerous condition of the City's property. The City also asserted Plaintiff could not show the dangerous condition of the City's property caused Decedent's death. The court granted the City's motion to dismiss. The remaining claim against Smith was ultimately dismissed for failure to prosecute. This appeal follows.
DISCUSSION
In her sole point on appeal, Plaintiff claims the court erred in granting the City's motion to dismiss for failure to state a claim because the court erroneously concluded Smith's conduct was the sole cause of Decedent's death. Plaintiff contends she sufficiently pleaded a claim against the City under the dangerous condition exception to sovereign immunity.
Standard of Review
We review a dismissal for failure to state a claim de novo. Vaughn v. Genasci , 323 S.W.3d 454, 456 (Mo. App. E.D. 2010) (citing Hess v. Chase Manhattan Bank, USA, N.A. , 220 S.W.3d 758, 768 (Mo. banc 2007) ). We review the facts alleged in the petition in an almost academic manner. Wyman v. Mo. Dept. of Mental Health , 376 S.W.3d 16, 18 (Mo. App. W.D. 2012). We determine only whether the allegations meet the elements of any cause of action, without weighing the credibility or persuasiveness of the allegations. Vaughn , 323 S.W.3d at 456 (citing Hendricks v. Curators of Univ. of Mo. , 308 S.W.3d 740, 742-43 (Mo. App. W.D. 2010) ). We treat all facts alleged as true, and we give the nonmoving party the benefit of all reasonable inferences. Warren v. State , 939 S.W.2d 950, 953 (Mo. App. W.D. 1997) (internal citations omitted).
Analysis
Generally, the City would be immune from liability under the doctrine of sovereign immunity. However, pursuant to Section 537.600 RSMo (2016), sovereign immunity can be waived in certain circumstances. Specifically, under section 537.600.1(2), the City can be liable for injuries caused by a dangerous condition of its property. To state a claim under this exception to sovereign immunity, Plaintiff must allege facts to show: 1) a dangerous condition of the City's property; 2) the injury directly resulted from the dangerous condition; 3) the dangerous condition created a reasonably foreseeable risk of the harm incurred; and 4) the City had actual or constructive notice of the condition. State ex rel. Mo. Highway and Transp. Com'n v. Dierker , 961 S.W.2d 58, 60 (Mo. banc 1998).
At issue here is the second element, causation. The phrase "directly resulted from" is synonymous with "proximate cause." Dierker , 961 S.W.2d at 60. (internal citations omitted). The test for proximate cause is generally whether the negligence of the defendant is the conduct of which the injury was the natural and probable consequence. Id. The trial court in the present case found the petition was "merely conclusory" regarding allegations that Decedent's death resulted from the condition of the property. The court found the direct cause of Decedent's death was "solely" Smith's negligence and dismissed the cause for failure to state a claim.
The trial court cites Dierker in support of its finding that Decedent's death was solely the result of Smith's negligence;
*142 however, Dierker is distinguishable. In Dierker , a woman was killed when a teenager dropped a chunk of concrete off an overpass onto her vehicle. 961 S.W.2d at 59. Her family filed a wrongful death suit against several defendants, including the Missouri Highway and Transportation Commission ("the Commission"). Id. The Missouri Supreme Court concluded the death was the direct result of the teenager's conduct, not the condition of the overpass. Id. at 61. Thus, the Court held the Commission was immune from suit as a matter of law and entitled to summary judgment because the Commission negated the element of causation. Id.
As the Court in Dierker noted, "[t]o the extent the damages are surprising, unexpected, or freakish, they may not be the natural and probable consequences of a defendant's actions." Id. at 61 (quoting Callahan v. Cardinal Glennon Hosp. , 863 S.W.2d 852, 865 (Mo. banc 1993) ). Unlike the "surprising, unexpected, or freakish" intervening cause where an individual decided to drop a twenty-pound chunk of concrete off an overpass into the traffic below as in Dierker , here it is not unexpected or freakish that a driver might disregard traffic laws and strike a pedestrian where there is insufficient area to sit or stand, and no shelter or protective structure on the property close to oncoming traffic. To the contrary, it is a natural and probable consequence of the dangerous condition of the City's property that a pedestrian waiting at the bus stop would be hit by a vehicle, as alleged by Plaintiff.
Therefore, Smith's intervening negligence driving his vehicle at a speed in excess of the speed limit and running a red light does not preclude Plaintiff from stating a claim under the dangerous condition exception to sovereign immunity. Even if the driver is negligent, Plaintiff is not foreclosed from recovery. See Linton v. Mo. Highway and Transp. Com'n , 980 S.W.2d 4, 7 (Mo. App. E.D. 1998) (internal citations omitted) (affirming jury verdict on the basis that the fact driver was under the influence of alcohol did not preclude finding that dangerous condition also contributed to the accident); and Hensley v. Jackson County , 227 S.W.3d 491, 496 (Mo. banc 2007) (affirming jury verdict where both dangerous condition of property and driver's negligence contributed to injury). "The negligence of the [City] need not be the sole cause of the injury, as long as it is one of the efficient causes thereof, without which injury would not have resulted." Hensley , 227 S.W.3d at 496 (quoting Oldaker v. Peters , 869 S.W.2d 94, 100 (Mo. App. W.D. 1993) ).
It is noteworthy that in both Linton and Hensley the issue of a waiver of sovereign immunity was tried to a jury, well past the procedural stage in the present case. Additionally, several of the cases cited in the City's own brief in support of its arguments concerning the dangerous condition waiver to sovereign immunity address the merits of the trial court's grant of summary judgment, which is a more substantive consideration than a dismissal for failure to state a claim. See Lackey v. Iberia R-V Sch. Dist. , 487 S.W.3d 57 (Mo. App. S.D. 2016) (summary judgment granted in favor of school district and teacher); Meyer v. City of Walnut Grove , 505 S.W.3d 331 (Mo. App. S.D. 2016) (summary judgment in favor of neighboring landowner); Shifflette v. Missouri Dept. of Natural Res. , 308 S.W.3d 331 (Mo. App. W.D. 2010) (summary judgment in favor of Department of Natural Resources); Maune v. City of Rolla , 203 S.W.3d 802 (Mo. App. S.D. 2006) (summary judgment in favor of City of Rolla); Necker by Necker v. City of Bridgeton , 938 S.W.2d 651 (Mo. App. E.D. 1997) (summary judgment in favor of City of Bridgeton);
*143 Alexander v. State , 756 S.W.2d 539 (Mo. banc 1988) (judgment on the pleadings alternatively for summary judgment entered in favor of the State).
Here, giving Plaintiff the benefit of all favorable inferences, Plaintiff sufficiently pleaded allegations to satisfy each element of the dangerous condition exception to sovereign immunity. In her petition, Plaintiff alleges the bus stop, in close proximity to oncoming traffic, was a dangerous condition due to the lack of designated area to sit or stand, as well as the lack of any shelter, and lack of warning to pedestrians about the danger of passing vehicles. Plaintiff alleges Decedent's death was the direct and proximate result of the City's conduct in this regard. We disagree with the trial court's decision that this allegation was "merely conclusory." Instead, we find Plaintiff sufficiently states a claim under the dangerous condition exception to sovereign immunity. As a result, the trial court erred in granting the City's motion to dismiss for failure to state a claim. Point one on appeal is granted.
CONCLUSION
The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
Roy L. Richter, J., and Philip M. Hess, J., concur.