

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| KITC HOMES, LLC, | ) | No. ED109814 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 19SL-CC05195 |
| | ) | |
| CITY OF RICHMOND HEIGHTS, MO, | ) | Honorable Virginia W. Lay |
| | ) | |
| Respondent. | ) | Filed: March 8, 2022 |

KITC Homes, LLC ("KITC") appeals the judgment granting the City of Richmond

Heights, MO's ("the City" or "the City of Richmond Heights") motion to dismiss KITC's second

amended petition alleging claims for tortious interference (Count I), negligence (Count II), and

impairment of contract pursuant to article I, section 10, clause 1 of the United States Constitution

("the Contracts Clause")[1] for failure to state a claim upon which relief may be granted (Count

III).  The trial court dismissed Counts I and II with prejudice on the grounds KITC's petition

fails to plead sufficient facts giving rise to an exception to the general rule that municipalities do

not have liability for torts, i.e., the rule of sovereign immunity.[2]  The trial court dismissed Count

III with prejudice on the basis KITC's petition fails to plead a recognizable cause of action.  As

---

[1] *See State ex rel. Jones v. Nolte*, 165 S.W.2d 632, 638 (Mo. banc 1942) (similarly referring to the clause relating to impairment of contract found in article I, section 10 of the United States Constitution as "the . . . contracts clause"); *see also* U.S. Const. art. I, sec. 10, cl. 1 (providing in relevant part that "[n]o [s]tate shall . . . pass any . . . [l]aw impairing the [o]bligation of [c]ontracts").

[2] *See Vaughn v. Genasci*, 323 S.W.3d 454, 456 (Mo. App. E.D. 2010); *see also State ex rel. City of Kansas City v. Harrell*, 575 S.W.3d 489, 492 (Mo. App. W.D. 2019); *A.F. v. Hazelwood School District*, 491 S.W.3d 628, 633-34 (Mo. App. E.D. 2016).

explained in detail below, we reverse in part and remand for further proceedings consistent with this opinion, and we affirm in part.[3]

KITC raises two points on appeal, alleging, (1) the trial court erred in dismissing Counts I and II (claims for tortious inference and negligence, respectively); and (2) the trial court erred in dismissing Count III (claim for impairment of contract under the Contracts Clause).

We hold KITC's petition alleges sufficient facts giving rise to the proprietary-function exception to the rule of sovereign immunity,[4] and, therefore, the trial court erred in dismissing Counts I and II with prejudice for failure to state a claim upon which relief may be granted. Accordingly, this portion of the trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

Additionally, we hold, (1) KITC's petition fails to plead a recognizable cause of action for impairment of contract under the Contracts Clause; and (2) KITC has not proposed, much less demonstrated, any new allegations it could make in an amended petition that would cure the failure of its petition at issue in this case to state a cause of action. Therefore, the trial court did not err in dismissing Count III with prejudice for failure to state a claim upon which relief may be granted, and this portion of the trial court's judgment is affirmed.

---

[3] KITC has filed a motion to strike portions of the City's respondent's brief which cite to and rely upon a filing made by the City in connection with a motion for summary judgment that was not ruled upon by the trial court. KITC's motion to strike, which was taken with the case, asserts these portions of the City's respondent's brief should be stricken because they contain matters outside of the pleadings at issue in this case, i.e., matters outside of KITC's petition and the City's motion to dismiss. *See L.C. Development Co., Inc. v. Lincoln County*, 26 S.W.3d 336, 339 (Mo. App. E.D. 2000) (appellate review of a motion to dismiss for failure to state a claim is limited to the pleadings at issue). Because we agree, we grant KITC's motion to strike.
[4] *See Phelps v. City of Kansas City*, 371 S.W.3d 909, 912-13 (Mo. App. W.D. 2012).

# I. BACKGROUND

Because this appeal involves a dismissal by the trial court for failure to state a claim upon which relief may be granted, we begin by setting out the general allegations of KITC's second amended petition.

KITC is a Missouri limited liability company with its principal place of business in St. Louis County. The City of Richmond Heights is a municipality within St. Louis County.

KITC's petition alleges that in April 2017, the City of Richmond Heights tore down the improvements on real property located at 7068 Mitchell Avenue ("the Property") by demolition at a cost of $26,990.00. KITC alleges the City demolished the improvements on the Property to "receiv[e] income." The City purportedly did not submit any special assessment for the cost of the demolition to St. Louis County until September 2018.

In the meantime, in August 2018, the St. Louis County Collector of Revenue conducted a tax foreclosure sale of the Property, and the Collector's opening bid was $12,811.00. KITC bid $12,811.00, was the highest bidder, and acquired a tax sale certificate of purchase for the Property.

The August 2018 tax sale certificate of purchase for the Property specifically states KITC purchased the Property for $12,811.00, which purportedly represented "the total amount of taxes, special assessments, interests, penalties and costs" "due and unpaid thereon for the years 2014, 2015, 2016, and 2017[.]" (emphasis omitted). At the time of KITC's purchase of the Property in August 2018, KITC had no notice the City had incurred a cost of $26,990.00 for the demolition on the Property in April 2017.

Then, in September 2018 (approximately seventeen months after the cost for demolition was incurred by the City and one month after KITC believed it was purchasing the Property for $12,811.00, an amount which the tax of sale certificate of purchase allegedly represented, *inter*

*alia*, "the total amount of . . . special assessments . . . and costs" "due and unpaid [on the Property] for the year[ ] . . . 2017[.]"), the City submitted a special assessment for demolition to St. Louis County in the amount of $26,990.00. (emphasis omitted). KITC alleges the City submitted the special assessment to the County to "receiv[e] income."

Subsequently, St. Louis County returned KITC's $12,811.00 winning bid on the Property to KITC, and KITC no longer had a tax sale certificate of purchase for the Property.

KITC then filed the petition at issue in this case, raising claims against the City for tortious interference (Count I), negligence (Count II), and impairment of contract under the Contracts Clause (Count III).[5] Taking KITC's allegations as true and viewing all reasonable inferences therefrom in its favor,[6] KITC's petition avers it was indirectly injured by the City's demolition of the improvements on the Property and was directly injured by the City's delayed submission of the special assessment for the cost of the demolition. KITC alleges its damages total "$94,986.40, [which purportedly is] the St. Louis County Appraised Value ($111,000.00) less [KITC's] winning bid on the Property ($12,811.00) and 2018-2019 property taxes ($3,202.60), plus interest."

After KITC filed its petition, the City filed a motion to dismiss alleging the petition fails to state a claim upon which relief may be granted. The City's motion specifically asserts Counts I and II (tortious interference and negligence, respectively) should be dismissed because KITC fails to plead sufficient, specific facts giving rise to an exception to the rule of sovereign immunity, and that Count III (impairment of contract under the Contracts Clause) should be

---

[5] To avoid unnecessary repetition, specific allegations in KITC's petition with respect to Count III will be set forth in relevant part in Section II.C. of this opinion.

[6] *See Amalaco, LLC v. Butero*, 593 S.W.3d 647, 650-51 (Mo. App. E.D. 2019) (in reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, we assume all of the plaintiff's allegations in the petition are true and view all reasonable inferences therefrom in favor of the plaintiff); *see also Phelps*, 371 S.W.3d at 912-13 (similarly holding in the context of reviewing a motion to dismiss for failure to state a claim upon which relief may be granted based on sovereign immunity).

dismissed because KITC fails to plead a recognizable cause of action. The trial court entered a judgment granting the City's motion and dismissing Counts I-III of KITC's petition with prejudice. This appeal followed.

## II. DISCUSSION

KITC raises two points on appeal, alleging, respectively, (1) the trial court erred in dismissing Counts I and II; and (2) the trial court erred in dismissing Count III.

### A. General Standard of Review Applying to the Trial Court's Dismissal of all Counts

This Court reviews *de novo* the trial court's grant of a motion to dismiss. *Amalaco, LLC v. Butero*, 593 S.W.3d 647, 650 (Mo. App. E.D. 2019); *see also State ex rel. City of Lee's Summit v. Garrett*, 568 S.W.3d 515, 518 (Mo. App. W.D. 2019) (similarly holding in the context of reviewing a motion to dismiss for failure to state a claim upon which relief may be granted based on sovereign immunity).[7] We review a motion to dismiss for failure to state a claim upon which relief may be granted solely to determine the adequacy of the plaintiff's petition. *Amalaco, LLC*, 593 S.W.3d at 650-51; *see also Vaughn v. Genasci*, 323 S.W.3d 454, 456 (Mo. App. E.D. 2010). The petition must allege facts that, if true, meet the elements of any recognizable cause of action. *See Amalaco, LLC*, 593 S.W.3d at 651; *see also Vaughn*, 323 S.W.3d at 456.

We assume all of the plaintiff's allegations in the petition are true and view all reasonable inferences therefrom in favor of the plaintiff. *Amalaco, LLC*, 593 S.W.3d at 651; *see also Phelps v. City of Kansas City*, 371 S.W.3d 909, 912-13 (Mo. App. W.D. 2012). Therefore, if the petition alleges any set of facts that, if proven, would entitle the plaintiff to relief, then the

---

[7] All further "see also" citations in this section of the opinion cite to cases which similarly hold the proposition at issue in the context of a motion to dismiss for failure to state a claim upon which relief may be granted based on sovereign immunity.

5

plaintiff's petition is adequate. *Brewer v. Cosgrove*, 498 S.W.3d 837, 843 (Mo. App. E.D. 2016); *see also A.F. v. Hazelwood School District*, 491 S.W.3d 628, 633 (Mo. App. E.D. 2016). However, we disregard conclusory allegations that are not supported by the facts. *Dibrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 90 (Mo. App. E.D. 2012); *see also A.F.*, 491 S.W.3d at 632.

**B.      The Trial Court's Dismissal of KITC's Tortious Inference and Negligence Claims**

In KITC's first point on appeal, KITC argues the trial court erred in dismissing Counts I and II (tortious interference and negligence, respectively) with prejudice on the grounds KITC fails to plead sufficient, specific facts giving rise to an exception to the rule of sovereign immunity.

**1.      The Rule of Sovereign Immunity and the Proprietary-Function Exception**

"Under the rule of sovereign immunity, municipalities are generally not liable for torts." *Vaughn*, 323 S.W.3d at 456. Sovereign immunity is not an affirmative defense; instead, when suing a municipality, the burden is on the plaintiff to plead sufficient, specific facts that give rise to an exception to the rule of sovereign immunity. *State ex rel. City of Kansas City v. Harrell*, 575 S.W.3d 489, 492 (Mo. App. W.D. 2019); *A.F.*, 491 S.W.3d at 633-34.

As relevant to this case, one exception to the rule of sovereign immunity is "where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function" ("the proprietary-function exception").[8] *Phelps*, 371 S.W.3d at 912. In

---

[8] There are a total of four exceptions to the rule of sovereign immunity for municipalities:

> (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment . . . ; (2) where the injury is caused by the dangerous condition of the municipality's property . . . ; (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function; and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy.

*Phelps*, 371 S.W.3d at 912. On appeal, KITC only contends exception (3) – the propriety-function exception – applies. *See id*.

other words, a municipality has immunity from liability for actions it undertakes as part of the entity's governmental functions, but a municipality does not have immunity from liability for actions it undertakes as part of the entity's proprietary functions. *Kunzie v. City of Olivette*, 184 S.W.3d 570, 573-74 (Mo. banc 2006).

In general, a governmental function is performed by a public entity for the common good, whereas a proprietary function is performed for the benefit of the entity in its corporate capacity. *A.F.*, 491 S.W.3d at 634. "The distinction between governmental functions and proprietary ones is often obscure, however, and many municipal actions have a dual function." *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. App. W.D. 2009). Furthermore, when a municipal action has a dual function, whether a particular action is undertaken as part of the entity's governmental or proprietary function depends on the nature of the activity. *See id.*; *see also A.F.*, 491 S.W.3d at 634 (assigning importance to "the generic nature of the activity" in determining whether a particular action is performed as part of a public entity's governmental or proprietary function).

For example, a municipality's operation of a water plant has a dual function. *Bennartz*, 300 S.W.3d at 259. When the nature of the activity is providing water for preventing or fighting fires or for keeping the municipality's water sanitary and healthy, the public entity performs a governmental function and has immunity from liability for any resulting damages. *Id.*; *see also Kunzie*, 184 S.W.3d at 573-74. However, when the nature of the activity is selling water to its citizens for a profit which benefits the municipality in its corporate capacity, the entity is performing a proprietary function and may have liability for any resulting damages. *Id.*; *see also A.F.*, 491 S.W.3d at 634.

7

**2.** **Whether KITC Pleaded Sufficient, Specific Facts Giving Rise to the Proprietary-Function Exception to the Rule of Sovereign Immunity**

In this case, taking KITC's allegations as true and viewing all reasonable inferences therefrom in its favor, KITC's petition avers it was indirectly injured by the City's demolition of the improvements on the Property and was directly injured by the City's delayed submission of the special assessment for the cost of the demolition. *See Amalaco, LLC*, 593 S.W.3d at 651; *see also Phelps*, 371 S.W.3d at 912-13. The issue in this case is whether KITC's allegations with respect to the City's purported demolition of the improvements on the Property and the City's purported delayed submission of the special assessment for the cost of the demolition constitute sufficient, specific facts giving rise to the proprietary-function exception to the rule of sovereign immunity. *See Harrell*, 575 S.W.3d at 492; *A.F.*, 491 S.W.3d at 633-34; *see also Kunzie*, 184 S.W.3d at 573-74; *Phelps*, 371 S.W.3d at 912.

KITC's petition alleges that in April 2017, the City demolished the improvements on the Property at a cost of $26,990.00, but did not submit a special assessment for the cost of demolition to the County until September 2018, which was after KITC's purchase of the Property at a tax foreclosure sale in August 2018. KITC alleges the City demolished the improvements on the Property and submitted the special assessment for the cost of the demolition to "receiv[e] income."

**a.** **The City's Alleged Demolition of the Improvements on the Property**

Similar to how a municipality's operation of a water plant has a dual function, *see Bennartz*, 300 S.W.3d 259 and Section II.B.1. of this opinion, a municipality's demolition of private property has a dual function. *See Larabee v. City of Kansas City*, 697 S.W.2d 177, 179-80 (Mo. App. W.D. 1985) (similarly suggesting). When the nature of the activity is demolishing private property because it is necessary to do so due to an emergency or a public danger, the

8

public entity performs a governmental function and has immunity from liability for any resulting damages. *See id.*; *see also Rothenhoefer v. City of St. Louis*, 410 S.W.2d 73, 75 (Mo. 1966) (indicating a public entity should not be liable when property is destroyed because it is in fact dangerous to the public); *A.F.*, 491 S.W.3d at 634 (generally, a governmental function is performed by a public entity for the common good); *see generally Kunzie*, 184 S.W.3d at 573-74.

In contrast, when the nature of the activity is demolishing private property not because it is necessary to do so due to an emergency or a public danger, but only because it benefits the municipality in its corporate capacity, the public entity performs a proprietary function and may have liability for any resulting damages. *See Larabee*, 697 S.W.2d at 179-80 (similarly holding); *see also Rothenhoefer*, 410 S.W.2d at 75 ("[w]hile property may be destroyed because it is dangerous to the public, a destruction of particular property on this ground without necessity, and where the property is not in fact dangerous, may be at the peril of the municipality") (citation omitted); *see generally Kunzie*, 184 S.W.3d at 573-74; *A.F.*, 491 S.W.3d at 634.

In this case, KITC's petition alleges the City demolished the improvements on the Property to "receiv[e] income." Taking this allegation as true and viewing all reasonable inferences in favor of KITC, we hold KITC sufficiently alleged the nature of the City's demolition of the improvements was not because it was necessary to do so due to an emergency or a public danger, but only because it benefitted the City in its corporate capacity. In other words, KITC sufficiently, specifically alleged that when the City demolished the improvements on the Property, the City was performing a proprietary function, and therefore, the City may have liability for any resulting damages. *See id.*; *see also Schulz Through Schulz v. City of Brentwood*, 725 S.W.2d 157, 159-60 (Mo. App. E.D. 1987) (holding "[a] [petition's] allegations that [a] city owned and operated [a] preschool and day care center for a fee sufficiently set forth

9

a proprietary . . . function for which the municipality may be liable [for injuries to a child which occurred at the center]"); *but see Richardson v. City of St. Louis*, 293 S.W.3d 133, 138 (Mo. App. E.D. 2009) (indicating "[t]he fact that a municipality charges a fee for its services is not determinative of whether it is performing a proprietary or governmental function for purposes of sovereign immunity" where, unlike in this case, the city's alleged activity at issue was "clearly a governmental function").

> **b.    The City's Alleged Delayed Submission of the Special Assessment for the Cost of Demolition**

Similar to KITC's allegations with respect to the City's demolition of the improvements on the Property, KITC alleges the City submitted the special assessment for the cost of the demolition to "receiv[e] income." Taking this allegation as true and viewing all reasonable inferences in favor of KITC, we hold KITC sufficiently alleged the nature of the City's submission of the special assessment for the cost of demolition was done to benefit the City in its corporate capacity. In other words, KITC sufficiently, specifically alleged that when the City submitted the special assessment, the City was performing a proprietary function, and therefore, the City may have liability for any resulting damages. *See id.*

> **c.    Conclusion**

Based on the foregoing, we hold KITC's allegations with respect to the City's two *distinct* actions of purported demolition of the improvements on the Property and the City's purported delayed submission of the special assessment for the cost of the demolition constitute sufficient, specific facts giving rise to the proprietary-function exception to the rule of sovereign immunity.[9] *See Harrell*, 575 S.W.3d at 492; *A.F.*, 491 S.W.3d at 633-34; *see also Kunzie*, 184

---

[9] Because the City's two purported actions are distinct, we note for purposes of further proceedings that any finding as to whether there is sufficient proof of performance of a proprietary function relating to one of the alleged actions (for example, demolition) would not be dispositive as to whether there is sufficient proof of performance of a proprietary function relating to the other alleged action (for example, submission of the special assessment).

S.W.3d at 573-74; *Phelps*, 371 S.W.3d at 912.  Therefore, the trial court erred in dismissing Counts I and II (tortious interference and negligence, respectively) for failure to state a claim upon which relief may be granted.  Point one is granted.

**C.      The Trial Court's Dismissal of KITC's Claim of Impairment of Contract Under the Contracts Clause**

In KITC's second and final point on appeal, it asserts the trial court erred in dismissing its claim of impairment of contract under the Contracts Clause (Count III) on the basis KITC's petition fails to plead a recognizable cause of action.

The Contracts Clause of the U.S. Constitution provides that "[n]o [s]tate shall . . . pass any . . . [l]aw impairing the [o]bligation of [c]ontracts".  U.S. Const. art. I, sec. 10, cl. 1.  In order to state a claim for impairment of contract under the Contracts Clause, a plaintiff must allege "[a] change in state law has operated as a substantial impairment of a contractual relationship." *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (U.S. 1992) (citation and internal quotations omitted).  In other words, a plaintiff must allege three elements: (1) a contractual relationship; (2) a change in state law that impairs the alleged contractual relationship; and (3) the impairment is substantial. *Id*.

In this case, Count III of KITC's petition alleges in relevant part that the tax sale certificate of purchase for the Property that it acquired in August 2018 "established a contractual relationship between [KITC] and St. Louis County"; the City issued a "[s]pecial [t]ax [b]ill" "under the color of law" in September 2018 which substantially impaired KITC's alleged contractual relationship with the County; and "[KITC] was entitled under its [alleged] [c]ontract with St. Louis County to have the [P]roperty valued as of August [ ] 2018 and [the City], acting under the color of law, materially altered the value of the Property in September 2018, thus frustrating the purpose of the [alleged] [c]ontract."

11

The City's motion to dismiss alleges Count III fails to state a recognizable cause of action because KITC fails to allege any facts or cite any law which indicates a municipality's issuance of an alleged "[s]pecial [t]ax [b]ill" may be regarded as a law of the state or change in state law for purposes of the Contracts Clause. We agree. Furthermore, because KITC has not proposed, much less demonstrated, any new allegations it could make in an amended petition that would cure the failure of its petition at issue in this case to state a cause of action, the trial court did not err in dismissing Count III with prejudice for failure to state a claim upon which relief may be granted. *See Miles ex rel. Miles v. Rich*, 347 S.W.3d 477, 486 (Mo. App. E.D. 2011) (similarly holding); *see also Amalaco, LLC*, 593 S.W.3d at 650-51 (in order to survive a motion to dismiss for failure to state a claim, the petition must allege facts that, if true, meet the elements of any recognizable cause of action). Point three is denied.

### III. CONCLUSION

Based upon the foregoing, the portion of trial court's judgment dismissing KITC's claims for tortious inference and negligence with prejudice is reversed and remanded for further proceedings consistent with this opinion. The portion of the trial court's judgment dismissing KITC's claim for impairment of contract under the Contracts Clause with prejudice is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Gary M. Gaertner, Jr., J., and
Thomas C. Clark II, J., concur.

12