

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

RICHARD BREWER, ) No. ED103503
)
    Appellant, )
)
vs. ) Appeal from the Circuit Court
) of St. Louis County
DAVID B. COSGROVE and COSGROVE ) 14SL-CC00522
LAW GROUP, LLC, )
)
    Respondents/Appellants, )
)
vs. ) Honorable Michael T. Jamison
)
DENISE LUNSFORD, )
)
    Respondent/Cross-Appellant. ) Filed: August 2, 2016

## OPINION

In 2013, Denise Lunsford sued David B. Cosgrove in the circuit court of St. Louis County. In November 2013, that lawsuit was resolved upon the execution of a confidential settlement agreement by Lunsford, Cosgrove, Cosgrove Law Group, LLC ("Cosgrove Law"), and Richard Brewer, Lunsford's boyfriend. Then, in February 2014, Brewer sued Cosgrove and Cosgrove Law for breach of contract claiming that Cosgrove and Cosgrove Law had breached the terms of the settlement agreement. Lunsford did not join in Brewer's suit. In July 2014, Cosgrove and Cosgrove Law filed a counterclaim against Lunsford also alleging the breach of the settlement agreement.

Lunsford filed a motion to dismiss Cosgrove and Cosgrove Law's counterclaim, asserting that the court lacked personal jurisdiction over her. The court agreed and granted Lunsford's motion to dismiss and awarded Lunsford $25,000 in attorney's fees jointly and severally against Cosgrove and Cosgrove Law pursuant to the provision in the settlement agreement that allowed for such an award to the prevailing party in a lawsuit arising out of the breach of the settlement agreement.

For its part, Cosgrove Law filed a motion to dismiss Brewer's breach of contract claim against Cosgrove Law for the failure to state a claim, asserting that while Cosgrove may have agreed to refrain from the conduct alleged to be in breach of the settlement agreement, Cosgrove Law had not. The court agreed and dismissed Brewer's claim against Cosgrove Law and awarded Cosgrove Law $25,000 in attorney's fees against Brewer. Since only Brewer's claim against Cosgrove remained pending, the court entered its finding that there was no just reason to delay the entry of judgment, and pursuant to Rule 74.01(b),[1] entered its judgment in accordance with the aforementioned rulings.

Brewer has appealed the dismissal of Cosgrove Law and the attorney's fees award against him. We reverse that judgment and remand for further proceedings consistent with this opinion because we find that Brewer has stated a cause of action against Cosgrove Law.

Cosgrove and Cosgrove Law have filed a cross-appeal of the dismissal of Lunsford and the attorney's fees award in her favor. Lunsford cross-appeals as to the amount of attorney's fees she was awarded. We also reverse and remand the judgment in Lunsford's favor because we find that the court has personal jurisdiction over Lunsford.

---

[1] All references to rules are to the Missouri Supreme Court Rules (2016) unless otherwise indicated.

**Standard of Review**

We review the trial court's decision to grant a motion to dismiss de novo. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo.banc 2008). While we generally review an award of attorney's fees for an abuse of discretion, if a contract provides for the payment of attorney's fees to the prevailing party, the trial court must award those fees. *Brown v. Brown-Thill*, 437 S.W.3d 344, 348 (Mo.App.W.D. 2014). Contract interpretation and questions of contractual ambiguity are issues of law subject to de novo review. *Monsanto Co. v. Syngenta Seeds, Inc.*, 226 S.W.3d 227, 230 (Mo.App.E.D. 2007). Whether a trial court may exercise personal jurisdiction over a party is a question of law that is reviewed de novo. *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo.banc 2010).

**Missouri Law Governing the Sealing of Court Files**

This lawsuit has been litigated under seal at trial and thus far on appeal, but we find no compelling justification for this entire case to have been litigated in secret or for this opinion to be filed under seal. See *In re Transit Cas. Co. ex rel. Pulitzer Publ'g Co. v. Transit Cas. Co. ex rel. Intervening Emps.*, 43 S.W.3d 293 (Mo.banc 2001). There is a presumption in favor of court records being open to the public because justice is best served when it is done within full view of those to whom all courts are ultimately responsible: the public. *Id.* at 301. Indeed, Article I, section 14 of the Missouri Constitution states that the courts of justice shall be open to every person, section 476.170[2] provides that the sitting of every court shall be public and every person may freely attend the same, and section 510.200 states that all trials upon the merits shall be conducted in open court. This authority further demonstrates the presumption in favor of public court proceedings and records.

---

[2] All references to statutes are to RSMo (2000) unless otherwise indicated.

The presumption in favor of openness is recognized by Supreme Court Operating Rule 2, which provides exceptions to the general rule of openness, including as is relevant here an exception for records that are confidential pursuant to court order. *In re Transit Cas. Co. ex rel. Pulitzer Publ'g Co.*, 43 S.W.3d at 301. Moreover, Supreme Court Operating Rule 4.24 sets forth what records are deemed confidential, and a number of exceptions to the presumption of open records have been set forth by the legislature and in the decisions of our courts. *Id.* at 301-02. But the presumption of openness cannot be overcome absent a compelling justification that the records should be closed. *Id.* at 301. And while there may be justification for sealing part or all of a file, to do so a court must identify specific and tangible threats to important values in order to override the importance of the public right of access. *Id.* at 302.

We acknowledge that the parties here may consider the matters giving rise to this litigation to be embarrassing, but parties are not entitled to litigate in private even if both agree with the request to do so. Nevertheless, our courts have long been adept at handling sensitive matters such as trade secrets, the identity of juvenile crime victims or certain juvenile perpetrators, illicit photographs, and medical records of non-parties. See Rule 4.24; *In re Transit Cas. Co. ex rel. Pulitzer Publ'g Co.*, 43 S.W.3d at 302 (recognizing a number of exceptions to the presumption of open records, including, among others, trade or business secrets, certain juvenile records, victim's names, scandalous material, and certain medical records of non-parties). Trade secrets are routinely kept from the public eye through protective orders. See Rule 56.01(c); § 417.459. Yet, the entire case is not sealed or even all of the company's sensitive information if it does not rise to the level of being confidential, and courts can issue protective orders that limit the dissemination of confidential information to only those persons involved in the litigation. *In re Marriage of Mangus*, 227 S.W.3d 510, 513 (Mo.App.S.D. 2007).

The balance courts must strike between the public's compelling interest in open courts with a party's request to seal materials is limited to sealing that and only that material which the litigant has demonstrated through compelling proof should be closed to the public eye. *In re Transit Cas. Co. ex rel. Pulitzer Publ'g Co.*, 43 S.W.3d at 304. Therefore, upon remand, we direct the trial court to reconsider its wholesale sealing of the file in accordance with the aforementioned principles and to make a record setting forth the specific compelling reasons that justify sealing any portion of the file with the understanding that sealing the entire file will almost never be justified.

**Analysis**

**I.      The trial court erred in dismissing Brewer's claim for breach of contract against Cosgrove Law and in awarding Cosgrove Law attorney's fees.**

Brewer raises three points on appeal: (1) the trial court erred by denying his motion for leave to amend; (2) the trial court erred in dismissing his breach of contract claim against Cosgrove Law; and (3) the trial court erred in awarding Cosgrove Law $25,000 in attorney's fees as a prevailing party under the settlement agreement. Because we find that the trial court erred in dismissing Brewer's breach of contract claim against Cosgrove Law, we reverse the trial court's dismissal of Cosgrove Law and its award of $25,000 in attorney's fees in Cosgrove Law's favor as the prevailing party. Our reversal and remand allowing Brewer's breach of contract claim against Cosgrove Law to proceed renders Brewer's point I moot as Brewer will have a new opportunity to seek leave to amend on remand if he chooses. See *Hargis v. JLB Corp.*, 357 S.W.3d 574, 587 n.12 (Mo.banc 2011).

Missouri is a fact-pleading state. *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo.banc 1997). Pleadings must contain a short and plain statement of the facts showing that the pleader is entitled

to relief. *Id.* When reviewing the dismissal of a petition for the failure to state a claim, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiff. *Lynch*, 260 S.W.3d at 836. If the petition sets forth any set of facts that, if proven, would entitle plaintiff to relief, then the petition states a claim. *Id.* An exhibit to a pleading is a part therefor for all purposes. Section 509.130; Rule 55.12.

A settlement agreement is governed by contract law. *Neiswonger v. Margulis*, 203 S.W.3d 754, 760 (Mo.App.E.D. 2006). To establish a breach of contract, a plaintiff must plead and prove the following elements: (1) the existence of a valid contract; (2) the rights and obligations of the respective parties; (3) a breach; and (4) damages. *Id.*

In Brewer's breach of contract claim against Cosgrove Law, Brewer alleged (1) that he, Lunsford, Cosgrove, and Cosgrove Law were parties to the November 2013 settlement agreement that Brewer attached and incorporated into his petition; (2) that there were certain specific rights and obligations of the parties to the settlement agreement; (3) that Cosgrove Law breached one or more of its obligations under the settlement agreement; and (4) that Brewer was damaged as a result. We find that Brewer's allegations properly pled a claim for breach of contract against Cosgrove Law. Moreover, our review of the settlement agreement, which was incorporated into the petition, fails to contradict Brewer's cause of action. We observe that Cosgrove Law was a party to the settlement agreement and there is no language that eliminates Cosgrove Law as a viable defendant for the breach of the settlement agreement when construing the facts pled as true and liberally in favor of Brewer as we must on a motion to dismiss.

Thus, the trial court erred in dismissing Brewer's breach of contract claim against Cosgrove Law and likewise erred in awarding Cosgrove Law attorney's fees under the settlement agreement as the prevailing party. Points II and III are granted, and point I is denied as moot.

6

**II.     The trial court erred in dismissing Lunsford for lack of personal jurisdiction and in awarding Lunsford attorney's fees.**

Cosgrove and Cosgrove Law allege three points of error: (1) the trial court erred in dismissing Lunsford as a defendant to their counterclaim for lack of personal jurisdiction because Lunsford purposely availed herself of the laws of the State of Missouri; (2) the trial court erred in dismissing Lunsford as a defendant to their counterclaim for lack of personal jurisdiction because Lunsford waived any challenge to personal jurisdiction; and (3) the trial court abused its discretion in awarding Lunsford attorney's fees.

Lunsford cross-appeals contending that the trial court erred in awarding her only partial attorney's fees because the settlement agreement provided that she was entitled to recover all her fees and costs as the prevailing party.

Because we find that the trial court had personal jurisdiction over Lunsford, we reverse the trial court's dismissal of Lunsford as a party and the award of attorney's fees to Lunsford as a prevailing party. Lunsford's cross-appeal is denied as moot.

When personal jurisdiction is contested, it is the plaintiff's burden to establish that defendant's contacts with the forum state are sufficient to establish personal jurisdiction. *Bryant*, 310 S.W.3d at 231. On appeal, we evaluate personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as a true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process. *Id.*

Missouri courts employ a two-step analysis to determine personal jurisdiction: (1) does defendant's conduct satisfy Missouri's long-arm statute; and (2) if so, does the defendant have sufficient minimum contacts with Missouri such that asserting personal jurisdiction over the

defendant comports with due process. *Id.* Missouri's long-arm statute provides in relevant part that any person, whether or not a citizen or resident of this state, submits to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of the acts set forth in this section, including: "(2) The making of any contract within this state[.]" § 506.500.1(2).

Missouri's long-arm statute is construed to extend the jurisdiction of Missouri courts over nonresident defendants to the extent permissible under the Due Process clause. *Bryant*, 310 S.W.3d at 232. When evaluating minimum contacts, the focus is on whether the defendant purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law. *Id.* One factor is whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. *Strobehn v. Mason*, 397 S.W.3d 487, 499 (Mo.App.W.D. 2013). A court has "general jurisdiction" over an out-of-state defendant if the defendant's connections with the state are systematic, continuous, and substantial enough to furnish personal jurisdiction over the defendant based on any cause of action. *Bryant*, 310 S.W.3d at 232. By contrast, a court acquires "specific jurisdiction" over an out-of-state defendant when the court exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. *Id.* at 232-33. In some cases, a single or isolated acts, because of their nature and quality and the circumstances of their commission, provide sufficient minimum contacts to support jurisdiction for liability arising from those acts. *Id.* at 233.

Entering into a contract with a Missouri resident does not, by itself, support the exercise of personal jurisdiction, but rather each case requires a multifaceted, fact-specific inquiry considering all of the circumstances surrounding the contract, including prior negotiations, contemplated future

consequences, the terms of the contract, and the parties' actual course of dealing. *Strobehn*, 397 S.W.3d at 499.

Here, there is no question that Lunsford's act of entering into the settlement agreement in the State of Missouri satisfies Missouri's long-arm statute. See § 506.500.1(2). Thus, the only question is whether Lunsford has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over her comports with due process. We find that it does.

The pleadings reveal that Lunsford is a resident of Virginia and was a party to the confidential settlement agreement that was entered into to resolve a lawsuit she filed against Cosgrove in St. Louis County. The agreement set forth a number of covenants agreed to by the parties and Cosgrove and Cosgrove Law alleged that Lunsford violated the terms of the agreement. The agreement is signed by Lunsford and her attorney and Lunsford agreed to dismiss her lawsuit against Cosgrove with prejudice as a result of the settlement agreement. The agreement provided liquidated damages and attorney's fees and costs to the prevailing party should any litigation arise from or related to any breach of the settlement agreement or should any litigation arise to enforce the settlement agreement.

Not only did Lunsford purposefully avail herself of the laws of Missouri by filing her lawsuit in St. Louis County and subsequently entering into a settlement agreement to resolve that suit, but this litigation arose directly as result of that settlement agreement. Lunsford reasonably should have anticipated that by filing a lawsuit in Missouri and entering into a settlement agreement contemplating further litigation if that agreement was breached or sought to be enforced that she may be made to answer in a Missouri court. Thus, we find that the trial court erred in finding that it lacked personal jurisdiction over Lunsford and hold that the trial court had "specific jurisdiction" over Lunsford arising out of the parties' settlement agreement. Cosgrove and

Cosgrove Law's points I and III are granted, and point II is denied as moot. Lunsford's cross-appeal is denied as moot as well.

## Conclusion

For the reasons stated above, we reverse and remand for proceedings consistent with this opinion.

_____
James M. Dowd, Judge

Lawrence E. Mooney, P.J., and
Lisa P. Page, J., concur.