

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MISSOURI BOND COMPANY, LLC, | ) | No. ED109475 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 17SL-CC02576 |
| | ) | |
| MARK R. DEVORE, et al., | ) | Honorable John F. Newsham |
| | ) | |
| Respondents. | ) | Filed: February 15, 2022 |

Missouri Bond Company, LLC ("Missouri Bond" or "the Tax Sale Purchaser") appeals the trial court's December 31, 2020 judgment granting motions to dismiss filed by St. Louis County (individually "the County") and its Collector of Revenue Mark R. Devore (individually "the Collector") (collectively "the County Defendants"), Western Surety Company ("Western Surety"), and Old Republic Title Company of St. Louis, Inc., Equity Trust Company Custodian FBO Richard Foronjy-IRA, and Juaneka Gore (collectively "the 1861 Atmore Property Owners") on Count VI of Missouri Bond's second amended petition. The trial court's judgment granted the County Defendants' motion to dismiss, in part, with prejudice and, in part, without prejudice; granted Western Surety's motion to dismiss with prejudice; and granted the 1861 Atmore Property Owners' motion to dismiss without prejudice. As explained in detail below, we reverse and remand in part with instructions, affirm as modified in part, and affirm in part.

Missouri Bond raises five points of error on appeal. In Missouri Bond's first, second, and third points on appeal, it alleges the trial court erred in granting the County Defendants' motion to dismiss because, *inter alia*, the County Defendants failed to collect and reimburse Missouri

Bond for the costs of postage, the title search, and attorney's fees as reasonable and customary costs of the tax sale of the 1861 Atmore Property ("the 1861 Atmore Property" or "the Property") in violation of section 140.340 RSMo 2016 (effective from August 28, 2015 to the present)[1] and section 140.405 RSMo 2016 (effective from August 28, 2015 to the present).[2]  In point four, Missouri Bond alleges Western Surety is liable as the Collector's surety because the County Defendants failed to collect and reimburse Missouri Bond's reasonable and customary costs of sale.  In point five, Missouri Bond argues the 1861 Atmore Property Owners are similarly liable as the redeeming property owner because the County Defendants failed to collect and reimburse Missouri Bond's reasonable and customary costs of sale.

We hold the trial court erred in granting the County Defendants' motion to dismiss Count VI because costs for postage, a title search, and attorney's fees are potentially reimbursable as reasonable and customary costs of a tax sale under sections 140.340 and 140.405.  Accordingly, this portion of the trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion and the following specific instructions on remand.  First, the Tax Sale Purchaser is required to submit invoices clearly identifying each category of cost associated with the tax sale at issue in this case and is required to establish each cost as reasonable and customary.  Second, the Collector is required to assess the reasonableness and customary nature of each category of cost under the circumstances, including attorney's fees.  Third and finally, the trial court shall consider both parties' actions; determine the reasonable and customary costs of postage, the title search, and any other potentially reimbursable costs associated with the tax sale, including attorney's fees; and order the Collector to pay the Tax Sale Purchaser the appropriate amount of reimbursement.

---

[1] All further references to section 140.340 are to the version of the statute that has been effective from August 28, 2015 to the present.

[2] All further references to section 140.405 are to the version of the statute that has been effective from August 28, 2015 to the present.

Additionally, we hold the Tax Sale Purchaser's claims against Western Surety and the 1861 Atmore Property Owners are premature until such time the trial court orders the appropriate amount of reimbursement and the Collector fails to pay it. Therefore, the portion of the trial court's judgment granting Western Surety's motion to dismiss Count VI is erroneous to the extent it reflects a dismissal *with* prejudice and is affirmed as modified to reflect a dismissal *without* prejudice. The portion of the trial court's judgment granting the 1861 Atmore Property Owners' motion to dismiss Count VI without prejudice is not erroneous and is affirmed.

## I.    BACKGROUND

Because this appeal involves a dismissal by the trial court for failure to state a claim upon which relief can be granted, we begin by setting out the relevant allegations of Missouri Bond's second amended petition.[3]

### A.    The Relevant Allegations in Missouri Bond's Petition

Missouri Bond alleges in August 2016, it acquired a tax sale certificate of purchase for the 1861 Atmore Property at a tax foreclosure sale in the County. On March 13, 2017, Missouri Bond hired Gebhardt Real Estate and Legal Services, LLC ("Gebhardt, LLC") to perform a limited title examination of the Property, draft and mail notices of tax sale redemption rights, draft a notice of tax sale and possible rights of redemption, and draft and file an affidavit with the Collector in application for a collector's deed. Gebhardt, LLC generated an invoice in the amount of $544.25 for the services.

Subsequently, the 1861 Atmore Property Owners redeemed the Property pursuant to section 140.340.1 and the County reimbursed Missouri Bond $7,035.07 for the taxes and interest it paid for the Property. Missouri Bond submitted an invoice from Gebhardt, LLC, seeking

---

[3] For purposes of this appeal, the only pertinent remaining claim involves Missouri Bond's purchase of the 1861 Atmore Property and the only relevant parties are Missouri Bond, the County Defendants, Western Surety, and the 1861 Atmore Property Owners. All other properties, parcels, and claims were dismissed without prejudice and are not subject to this appeal.

reimbursement of $544.25 for services rendered pursuant to sections 140.340 and 140.405, requesting $500 for attorney's fees and $44.25 in various postage costs. Missouri Bond argued the attorney's fees represented the costs of the title report for the 1861 Atmore Property and attorney's fees, generally.

On June 19, 2017, the County responded to Missouri Bond's submission of Gebhardt, LLC's invoices:

> This letter is directed to the invoices you provided for the expenses of various properties you purchased in the 2016 tax sale. Your invoice included the cost of a title report wherein it is labeled 'Attorney's Fees for Title Report for notice letter with right of redemption for 'address of property'['], at a cost of $500 each . . ..
>
> Section 140.340.2 . . . allows the purchaser of property to recover reasonable and customary costs of a tax sale, which include the cost of a title search and postage but not attorney fees.
>
> In examining the cost of the title search . . . $500 is not only not recoverable but also not reasonable . . ..
>
> Please provide this office with an invoice for the title search that does not include attorney's fees and within the same invoice do not include any other attorney's fees. When a new invoice is submitted by you, [the Collector's] Office will review the invoice and accept the invoice if the reported costs for collection are reasonable and customary costs.
>
> [ ] Pursuant to [section] 140.340.5 . . ., ['] the reasonable and customary costs of the sale needed to redeem any land or lot sold for taxes under this section shall be determined by the [C]ollector.'

No amended invoice was submitted and Missouri Bond was denied recovery of $544.25.

## B.     Procedural Posture

On January 18, 2018, Missouri Bond filed its petition against the County Defendants, Western Surety, and the 1861 Atmore Property Owners alleging the County Defendants failed to collect and reimburse Missouri Bond for the reasonable and customary costs of the sale of the 1861 Atmore Property. Because the County Defendants failed to reimburse Missouri Bond, it asserted Western Surety and the 1861 Atmore Property Owners were liable to Missouri Bond for those costs.

4

Subsequently, the County Defendants, Western Surety, and the 1861 Atmore Property Owners each filed separate motions to dismiss. The trial court granted each motion on August 8, 2018, and found attorney's fees are not reasonable and customary costs associated with the purchase of a tax sale property under sections 140.340 and 140.405. As a result, the trial court dismissed, in part, with prejudice, and, in part, without prejudice all of Missouri Bond's claims against the County Defendants; dismissed with prejudice the claims against Western Surety; and dismissed without prejudice the claim against the 1861 Atmore Property Owners. Missouri Bond appealed.

Because there remained unresolved claims and parties, *see* footnote 3 of this opinion, this Court dismissed Missouri Bond's first appeal for lack of a final, appealable judgment. *Missouri Bond Company, LLC v. Devore*, 580 S.W.3d 653, 653-57 (Mo. App. E.D. 2019). Missouri Bond voluntarily dismissed without prejudice all other claims and parties and requested the trial court certify the court's August 2018 judgment as final and appealable. The trial court certified the judgment on December 31, 2020, under Missouri Supreme Court Rule 74.01(b) (2020). Missouri Bond again appeals.

## II. DISCUSSION

Missouri Bond raises five points on appeal which allege the trial court erred in granting the motions to dismiss filed by the County Defendants, Western Surety, and the 1861 Atmore Property Owners.

### A. Standard of Review for All Points on Appeal

This Court reviews *de novo* the trial court's grant of a motion to dismiss. *Amalaco, LLC v. Butero*, 593 S.W.3d 647, 650 (Mo. App. E.D. 2019). We review a motion to dismiss for failure to state a claim upon which relief can be granted solely to determine the adequacy of the plaintiff's petition. *Id*. at 650-51. The petition must allege facts that, if true, meet the elements of a recognized cause of action. *Id*. at 651. We assume all of the plaintiff's allegations in the

5

petition are true and make all reasonable inferences in favor of the plaintiff. *Id*. Therefore, if the petition alleges any set of facts that, if proven, would entitle the plaintiff to relief, then the plaintiff's petition is adequate. *Brewer v. Cosgrove*, 498 S.W.3d 837, 843 (Mo. App. E.D. 2016). However, we disregard conclusory allegations that are not supported by the facts. *Debrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 90 (Mo. App. E.D. 2012).

Moreover, "we may affirm the trial court's dismissal on any ground before the trial court in the motion to dismiss, even if the trial court relied on other grounds in dismissing the claim." *Willits v. Peabody Coal Co., LLC*, 400 S.W.3d 442, 448 (Mo. App. E.D. 2013).

**B.     The County Defendants' Motion to Dismiss**

In Missouri Bond's first, second, and third points on appeal, it alleges the trial court erred in granting the County Defendants' motion to dismiss because, *inter alia*, they failed to collect and reimburse Missouri Bond for the costs of postage, the title search, and attorney's fees as reasonable and customary costs of the sale of the 1861 Atmore Property in violation of sections 140.340 and 140.405. For the reasons discussed in detail below, we agree.

**1.     Relevant Law**

Section 140.340.1 guarantees, upon paying the "reasonable and customary costs of [a] [tax] sale" to the collector of revenue, a property owner or party with a property interest has the absolute right to redeem the property for at least one year after the property tax sale, and such parties continue to have a defeasible right to redeem the property until the tax sale purchaser acquires the deed. *See id*.; *see also Missouri Bond Company, LLC*, 580 S.W.3d at 655 ("where an owner or party with an interest in a property at the time of a tax sale redeems the property before foreclosure, the tax sale purchaser is entitled to the 'reasonable and customary costs of the tax sale'" under section 140.340). Section 140.340.2 defines the "reasonable and customary costs" of a tax sale as follows:

> The reasonable and customary costs of sale include *all* costs incurred in selling and foreclosing tax liens under this chapter, and such reasonable and customary costs

shall include the following: the full sum of the purchase money named in the certificate of purchase and *all* the costs of the sale, including the cost to record the certificate of purchase as required in section 140.290, the fee necessary for the collector to record the release of such certificate of purchase, and the reasonable and customary cost of the title search and postage costs of notification required in sections 140.150 to 140.405 . . ..

(emphasis added).

Section 140.405.1, which is incorporated by reference into 140.340.2, provides: "The purchaser shall obtain a title search report from a *licensed attorney* or a licensed title company detailing the ownership and encumbrances on the property." Section 140.405.1 (emphasis added); *see also* section 140.340.2. Finally, section 140.340.5 states: "The reasonable and customary costs of sale needed to redeem any land or lot sold for taxes under this section shall be determined by the collector."

Statutory interpretation is an issue of law that [an appellate court] reviews *de novo*." *Finnegan v. Old Republic Title Co. of St. Louis, Inc.*, 246 S.W.3d 928, 930 (Mo. banc 2008). Our Court must "read a statute as a whole and give all words their meaning." *Maue v. Fiedler Acres Subdivision*, 614 S.W.3d 601, 610 (Mo. App. E.D. 2020) (citing *Sun Aviation, Inc. v. L-3 Communications Avionics Systems, Inc.*, 533 S.W.3d 720, 724 (Mo. banc 2017)). Additionally, our Court must avoid statutory interpretations that are unjust, absurd, unreasonable, or render statutory language meaningless. *See State ex rel. Gardner v. Carmody*, 618 S.W.3d 560, 565 (Mo. App. E.D. 2020); *T.B. III v. N.B.*, 478 S.W.3d 504, 510 (Mo. App. E.D. 2015). Finally, "[s]tatutory interpretation should not be hyper-technical, but reasonable and logical and should give meaning to the statute." *Ivie v. Smith*, 439 S.W.3d 189, 203 (Mo. banc 2014).

### 2. The Collector's Objections as to the Substance and Form of Reimbursement Under Section 140.340 and our Court's Analysis of the Issues in this Case

In this case, Missouri Bond submitted an invoice for $544.25 with line items identified as $500 in attorney's fees and $44.25 for postage. The Collector categorically and substantively objected to any reference to attorney's fees as unrecoverable as well as not reasonable and

7

customary costs. The Collector additionally rejected the whole invoice as to form demanding the invoice be revised to omit any reference to attorney's fees regardless of service, consequently excluding from recovery postage and title search costs. The Collector invited Missouri Bond to submit a new invoice identifying specific line items for postage, title search and other costs listed in section 140.340.2, without reference to attorney's fees. Missouri Bond did not submit a new invoice, and instead filed a petition which argued its incurred attorney's fees are both recoverable and reasonable and customary costs. The trial court granted the County Defendants' motion to dismiss Missouri Bond's claims against them in the petition with prejudice.

Section 140.340.2 expressly requires a redeeming property owner to tender "*all* costs incurred in selling and foreclosing tax liens under this chapter[.]" (emphasis added). Section 140.340.2 defines "reasonable and customary costs" using the term "shall" and includes a list of specific items including recording and filing fees, postage, performing a title search, and other items. While attorney's fees are not explicitly referenced, *see id*., section 140.405.1 mandates a tax sale purchaser obtain a title search performed by an attorney or a title search company. *See* section 140.405.1. Since the text of section 140.340.2 neither expressly authorizes nor prohibits the reimbursement of attorney's fees as part of the reasonable and customary costs associated with a tax sale, the question is whether "shall" indicates a clearly defined mandate to the collector of revenue to collect a discrete list of recoverable costs, incapable of expansion under a set of circumstances, or whether the statute is the base itemization of costs leaving a tax sale purchaser the option of seeking recovery of other unlisted costs, if reasonable and customary, as determined by the collector.

There is no question the statute authorizes the inclusion of an attorney as part of the process, at the very least for the postage and title search and report associated with the property. *See* section 140.340.2; *see also* section 140.405.1. County Defendants concede this point. Considering the detailed list of statutory instructions for the purchase of a parcel of property at a

tax sale and the required process providing for redemption and the filing of deeds with the collector of revenue, it does not seem illogical to consider the involvement of an attorney to verify compliance with the statute and to insure the transfer of clear title to a tax sale purchaser. *See id*.; *Ivie*, 439 S.W.3d at 203.

While attorney's fees are not specifically included in the list of costs in section 140.340.2, there is no contrary prohibition to prevent their recovery, especially in the case of a complicated title search or examination, multiple property owners, various years of unpaid taxes, computation of interest, and the drafting and filing of necessary documents to effectuate a property transfer enabling the new owner to use it freely and clear of legal questions. *See* sections 140.340 and 140.405.1; *Ivie*, 439 S.W.3d at 203. Moreover, we note the purpose of the tax sale redemption process is to protect both the property owner and the tax sale purchaser while encouraging a transparent and fair recovery process for incurred costs. *See* section 140.340; *see also Schlereth v. Hardy*, 280 S.W.3d 47, 51 n.3 (Mo. banc 2009) ("[t]he state has an interest in the economical and expeditious determination of tax liability . . . [t]he state, however, has no such interest in expeditiously cutting off redemption rights of a property owner in favor of a tax sale purchaser").

We find that attorney's fees are not a categorically unrecoverable cost category under sections 140.340 and 140.405. This is especially true when the attorney's fees encompass costs associated with any of the cost categories listed in section 140.340.2. However, while there is a presumption of recoverability of the cost of attorney services that fall under 140.340.2, it is ultimately the duty of the collector to determine whether those costs are reasonable and customary. *See* section 140.340.5. With respect to the cost of any ancillary legal work associated with the purchase beyond services explicitly referenced in 140.340.2, a tax sale purchaser may submit invoices for such costs but the purchaser has the burden to firmly establish

the reasonableness and customary nature of each cost and its necessity in a given property tax sale in order to recover. *See* sections 140.340 and 140.405; *see also Ivie*, 439 S.W.3d at 203.

We note that attorney services outside of notice drafting, title search, and postage costs would likely be unreasonable in cases which do not involve complications of title or party. In no way do we authorize unidentified, blanket requests for attorney's fees as necessarily reimbursable in every case that may not require those services, as Missouri Bond suggests. Instead, we hold it is within the collector of revenue's statutorily granted authority to require detailed itemization, explanation, and documentation of costs associated with a tax sale purchase from the purchaser to fully fulfill the collector's role in deciding the appropriateness and extent of reimbursement. *See* section 140.340.5. The relevant inquiry for the collector is in the type of service provided rather than the type of provider rendering the service.

In this case, Missouri Bond submitted an unspecific invoice which included general categories of costs. On remand, Missouri Bond is required to submit invoices clearly identifying each category of cost associated with the tax sale at issue in this case and is required to establish each cost as reasonable and customary. Second, the Collector is required to assess the reasonableness and customary nature of each category of cost under the circumstances, including attorney's fees. Third and finally, the trial court shall consider both parties' actions; determine the reasonable and customary costs of postage, title search, and any other potentially reimbursable costs associated with the tax sale, including attorney's fees; and order the Collector to pay Missouri Bond the appropriate amount of reimbursement.

If Missouri Bond fails to meet its burden of establishing the reasonableness and customary nature of the requested costs with specificity, it forfeits its opportunity for recovery.

### 3. Conclusion as to the Trial Court's Grant of the County Defendants' Motion to Dismiss

Based on the foregoing, we hold the trial court erred in granting the County Defendants' motion to dismiss Count VI because costs for postage, a title search, and attorney's fees are

10

potentially reimbursable as reasonable and customary costs of a tax sale under sections 140.340 and 140.405. Therefore, we find Missouri Bond's petition alleged sufficient facts to state a claim against the County Defendants under sections 140.340 and 140.405, *see Amalaco*, 593 S.W.3d at 651 and *Brewer*, 498 S.W.3d at 843, and we grant Missouri Bond's first, second, and third points on appeal relating to the trial court's grant of the County Defendants' motion to dismiss.

**C.      The Trial Court's Grant of Western Surety's and the 1861 Atmore Property Owners' Motions to Dismiss**

In its fourth and fifth points on appeal, Missouri Bond argues the trial court erred in granting motions to dismiss by Western Surety and the 1861 Atmore Property Owners of Missouri Bond's petition, respectively. In point four, Missouri Bond alleges Western Surety is liable as the Collector's surety because the County Defendants failed to collect and reimburse Missouri Bond's reasonable and customary costs of sale. In point five, Missouri Bond argues the 1861 Atmore Property Owners are similarly liable as the redeeming property owner because the County Defendants failed to collect and reimburse Missouri Bond's reasonable and customary costs of sale.

Until the trial court determines the reasonable and customary costs of the tax sale for the 1861 Atmore Property due to Missouri Bond, *see* sections 140.340 and 140.405, Missouri Bond's claims against Western Surety and the 1861 Atmore Property Owners are premature, and the proper remedy is for the claim to be dismissed without prejudice. *See W.B. v. M.G.R.*, 905 S.W.2d 134, 136 (Mo. App. E.D. 1995) (holding a premature legal action fails to state a claim upon which relief can be granted and should be dismissed without prejudice); *see also Schweich v. Nixon*, 408 S.W.3d 769, 779 (Mo. banc 2013) (holding the trial court should have dismissed a claim for declaratory relief without prejudice where the claim was brought prematurely); *Missouri Soybean Ass'n v. Missouri Clean Water Com'n*, 102 S.W.3d 10, 21, 25-29 (Mo. banc 2003) (similarly holding and affirming as modified a trial court's judgment to reflect a dismissal without prejudice instead of a dismissal with prejudice).

11

Based on the foregoing, we grant Missouri Bond's fourth point on appeal and hold the trial court erred in its judgment to the extent it dismissed Missouri Bond's claim against Western Surety *with* prejudice. *See id.* Accordingly, the grant of Western Surety's motion to dismiss is affirmed as modified to reflect a dismissal *without* prejudice. *See id.* With respect to point five, we hold the trial court's judgment dismissing Missouri Bond's claim against the 1861 Atmore Property Owners without prejudice is not erroneous and is affirmed. *See id.* Therefore, Missouri Bond's fifth point on appeal is denied.

## III.    CONCLUSION

The portion of the trial court's judgment granting the County Defendants' motion to dismiss Count VI of the petition is reversed and remanded for further proceedings consistent with this opinion and the following specific instructions set out above in Section II.B.2. of this opinion. The portion of the trial court's judgment granting Western Surety's motion to dismiss Count VI is affirmed as modified to reflect a dismissal without prejudice instead of a dismissal with prejudice. Additionally, the portion of the trial court's judgment granting the 1861 Atmore Property Owners' motion to dismiss Count VI without prejudice is affirmed.

_____
ROBERT M. CLAYTON III, Presiding Judge

Gary M. Gaertner, Jr., J., and
Thomas C. Clark II, J., concur.

12